## BROACH & STULBERG, LLP

ATTORNEYS AT LAW

JUDITH P. BROACH *
ROBERT B. STULBERG °
DAVID C. SAPP, JR. ᐃ

AMY F. SHULMAN °

OF COUNSEL
IRA CURE ᐁ

* NY, CA BARS
° NY, DC BARS
ᐁ NY, NJ BARS
ᐃ NY, NJ, FL BARS
° NY, MA, DC BARS

ONE PENN PLAZA
SUITE 2016
NEW YORK, NEW YORK 10119
(212) 268-1000
FAX (212) 947-6010

NEW JERSEY OFFICE
ONE GATEWAY CENTER
SUITE 2600
NEWARK, NJ 07102
(973) 456-7021
FAX (973) 622-3423



June 11, 2007

Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

        Re:    <u>Cruise, et al. v. Doyle, et al., 07 CV 3940 (WHP)</u>

Dear Judge Pauley:

      We represent the Plaintiffs John L. Cruise, Jr., et al., in this action against Michael Doyle, as General Chairman, Local Division 9 Locomotive Engineers, Association of Commuter Rail Employees ("ACRE") and MTA Metro-North Railroad ("Metro-North"). We are writing, pursuant to Rule 3(A)(ii) of the Individual Practice of Judge William H. Pauley, III, in opposition to the joint request by Defendants ACRE and Metro-North for a pre-motion conference in which both ACRE and Metro-North seek permission to move to dismiss the complaint. We believe such a motion is unsound both as a matter of law and fact, and would be a waste of scarce judicial resources.

      Both Defendants assert four grounds for seeking permission to dismiss the complaint. They are: a) Failure to state a claim that ACRE breached its duty of fair representation; b) failure to allege that Metro-North breached the collective bargaining between Metro-North and ACRE; c) that the complaint is barred by the applicable six-month statute of limitation; and d) that Plaintiffs failed to exhaust their administrative remedies. As demonstrated below, both ACRE and Metro-North have failed to establish a legal justification for any of their arguments.

A.    <u>Plaintiffs Have Stated a Claim For Breach of the Duty of Fair Representation</u>

      In their letter, Defendants contend that for Plaintiffs to correctly plead that Defendant

Honorable William H. Pauley, III
United States District Judge
June 11, 2007
Page 2

ACRE breached its duty of fair representation the Plaintiffs must allege that ACRE's conduct towards the Plaintiffs was arbitrary, discriminatory and motivated by bad faith. Paragraph 38 of the complaint allege that the "Actions of Defendant ACRE were made for arbitrary and discriminatory reasons and constitute a breach of the duty of fair representation." Thus the Plaintiffs have met their pleading requirement.

Defendants go on to assert that Plaintiffs must demonstrate that ACRE "discriminated against them" for an "impermissible" reason such as "race or age." This is simply not true. Courts have found breaches of the duty of fair representation where a union favored one group of employees over another. A case that is directly on point is Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138 (2d Cir. 1994). Lewis involved the consolidation of two Dairies. The union negotiated with an employer to favor one group of employees over another. The Court concluded that the secret agreement reached between the union and the employer constituted a breach of the duty of fair representation. There was no allegation that agreement was motivated by the age or race of the competing groups. In the case at bar, the Plaintiffs are alleging that ACRE surreptitiously acted in concert with Metro-North to favor the class of 2004 over those in the class of 2002-2003. Because there was no apparent basis for favoring a group of junior employees (the Class of 2004) over more senior employees (the Class of 2002-2003). The actions of ACRE are arbitrary, capricious and irrational. Therefore Plaintiffs have plead a cause of action for breach of the duty of fair representation.

B.   Plaintiffs Have Adequately Plead that the Employer Breached the Collective Bargaining Agreement

Plaintiffs have plead that Metro-North and ACRE are parties to a collective bargaining agreement. (Complaint, para. 12). The collective bargaining agreement contains a wage provision. Metro-North, in its job postings, explicitly sets forth the manner in which locomotive engineers are to receive annual wage increases. (Complaint, paragraphs 18-19). By explicitly departing from this practice, and making a surreptitious agreement with ACRE concerning the Class of 2004, Metro-North breached the fundamental provision of the employment relationship by altering the manner in which wages are paid. See Lewis v. Whelan, 99 F.3d 542 (2d Cir. 1996) (employer participated in union President's duplicity and thus could not have relied in good faith to secure waiver of contracted seniority provision). By fundamentally altering the method wages are paid in favor of one group of employees, Metro-North breached the collective bargaining agreement.

C.   Plaintiffs' Action is Timely

As set forth in the complaint, the Plaintiffs did not learn of the surreptitious dealing between Defendants ACRE and Metro-North until September 2006. (Complaint, paragraphs 20-

Honorable William H. Pauley, III
United States District Judge
June 11, 2007
Page 3

23). At that point, Plaintiffs contacted Chairman Michael Doyle who consistently assured them that their grievances would be dealt with. (Complaint, paragraphs 24-26). As late as December 2006, Defendant Doyle informed Plaintiff Cruise that their grievance would be dealt with by ACRE's General Committee. (Complaint, para. 26). When it became clear that the Plaintiffs' grievance was going to be ignored by the Union, Plaintiffs contacted counsel, who pursuant to Article X of ACRE's by-laws, filed an appeal (Complaint, para. 29). This letter in fact achieved a small portion of success. On May 1, 2007, counsel for Defendant ACRE informed Plaintiffs' counsel that Defendant ACRE had succeeded in expediting wage increases for some of the Plaintiffs. (Complaint, para. 31) (Exhibit "A").

In <u>Demchik v. General Motors Corporation</u>, 821 F.2d 102 (2d Cir. 1987), the Court concluded that a union's fraudulent concealment of a union's failure to process a grievance tolled the statute of limitations. Here the Plaintiffs were assured by Chairman Doyle that their grievances would be processed. Thus only when it became clear that the grievance would not be processed that they contacted counsel.

In any event, ACRE revived the running of the statute of limitations, by continuing to process the grievance. When ACRE's counsel informed Plaintiffs' counsel that the grievance raised by the Plaintiffs "has been resolved in the following manner. . . ." the statute of limitations was revived.

D.    <u>Plaintiffs Exhausted Their Administrative Remedies</u>

As noted in Defendants' letter dated June 6, 2007, members of ACRE are required to file an appeal before pursuing legal action against ACRE. (This was accomplished by Plaintiffs' counsel's April 11, 2007 letter). Plaintiffs contend, however, that ACRE's counsel's letter of May 1, 2007, permitted them to assume that the Union's administrative procedures had in fact been concluded. Again the May 1st letter states that "the issue has been resolved," and was in direct response to the April 11, 2007 appeal. Thus, there was no reason to conclude that there would be any further administrative proceeding by ACRE, permitting Plaintiffs to commence this action.

Conclusion

For the foregoing reasons, a motion to dismiss will not succeed, and Defendants should be directed to answer the Complaint.

Honorable William H. Pauley, III
United States District Judge
June 11, 2007
Page 4

       Thank you for your attention to this matter.

                              Respectfully submitted,

                              BROACH & STULBERG, LLP

                      By: _____
                             Ira Cure (IC 7121)

IC:lf
cc:    Frank Rinaldi, Esq.
        Counsel for Metro-North
     Vincent O'Hara, Esq.
     Marion Lin, Esq.
        Counsel for ACRE
     All Plaintiffs

VINCENT F. O'HARA
WILLIAM P. HOLM*
MICHAEL L. LANDSMAN
CAROL G. DELL

MISTY D. ALLEN
DELMAS A. COSTIN, JR.
JONATHAN D. COYLES
ABBEY M. GRUBER†
MARION M. LIM

* ALSO ADMITTED IN CT
† ALSO ADMITTED IN NJ

# HOLM & O'HARA LLP
ATTORNEYS AT LAW
3 WEST 35TH STREET
NEW YORK, NEW YORK 10001-2204
(212) 682-2280
FAX (212) 682-2153
www.holmandohara.com

CONNECTICUT OFFICE
73 MAIN STREET
P.O. BOX 215
SHARON, CT 06069
(860) 364-0627



May 1, 2007

**Via Telefacsimile and Mail**
Broach & Stulberg, LLP
One Penn Plaza
Suite 2016
New York, New York 10119

Attn:  Ira S. Cure, Esq.

Re:  ACRE and Members Cruise, Conrad,
Dibble, Eirich, Kology, Krol, & Velotti
Our File No. 4422

Dear Sir.:

Please be advised that the law firm of Holm & O'Hara LLP represents the Association of Commuter Raid Road Employees ("ACRE"). Your letter dated April 11, 2007 has been referred by Mr. Lindenberg to counsel and Mr. Doyle for response.

Your letter regarding the above named members is substantially incorrect. ACRE has addressed this issue which is not a contract violation, directly with the Carrier. In fact there is no contract violation or contract entitlement under the collective bargaining agreement with Metro-North.

The original issue regarding the process under which persons from other crafts are put in the step system of increases for Engineers was raised regarding the class of 2004. Representatives of ACRE met with the Carrier to address a problem with an engineer's transfer date which immediately preceded a step rate increase. This would result in more than a 12 month wait for a step rate increase. The Carrier agreed to prospectively adjust this problem by allowing the transfer engineer to maintain his current craft's scheduled step rate anniversary date for purposes of step rate increases. The "anomalous result" of some persons in later classes earning more than earlier classes existed when the system was initially instituted and exists now. Persons entering at higher rates may exceed not only the rates in their own class but also the rates in the classes hired ahead of them. There is no perfect solution to differing rates.

In the interest of fairness, ACRE asked the Carrier to address long delays in a step rate increase. The Carrier would only agree to address the issue prospectively for the class of 2004.

Broach & Stulberg, LLP
Ira S. Cure
May 1, 2007
Page 2 of 2

Engineers who had not yet been in engine service for a year and who had not accrued a step rate increase based upon their engine service date were given consideration.

In the fall of 2006, Mr. Doyle was approached by some of your clients and he responded that he would address their concerns with the Carrier. No "grievance" was filed or discussed and no promise was made to change all seniority dates.

ACRE pursued a resolution with the Carrier on behalf of the class of 2002 but the Carrier will not give retroactive relief to the class of 2002.

The issue has been resolved in the following manner:

John Cruise – will go to 90% and effective 11/20/07 will go to 100%
Brian Conrad – will go to 100% on July 6, 2007 instead of 12/23/07
Edgar Velotti – will go to 90% on May 7, 2007 instead of July 28, 2007
Matthew Eirich – will go to 90% and will go to 100% on July 17, 2007
Kenny Dibble – will go to 90% and will go to 100% on February 2, 2008
Peter Krol – will go to 100%
Henry Pride – will go to 100% on May 28, 2007
Sheldon Blair – will go to 90% and will go to 100% on February 5, 2008

Michael Kology was at 100% step rate in his former craft and consequently is not subject to any expectation of a step rate adjustment based on any other date than his transfer to engine service date.

I trust this explanation addresses your concerns.

Very truly yours,

Vincent F. O'Hara

VFO/vb

cc:   Michael Doyle
      Anthony Bottalico
      Joseph Lindenberg
      James Fahey

L:\VFO\ACRE\4422\Letters\Cure-01 Final.doc