Exhibit A

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

JOHN L. CRUISE, JR., BRIAN CONRAD,
KENNETH DIBBLE, MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER KROL, EDGAR
VELLOTTI

        Plaintiffs,

  - against -

MICHAEL J. DOYLE, as General Chairman of
LOCAL DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES.
and MTA METRO-NORTH RAILROAD

        Defendants.

TO: (Name and address of defendant)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

# 07 CV 3940

*Judge Pauley*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)





ACCEPTED ON BEHALF OF
METRO-NORTH

MAY 21 2007

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

MAY 21 2007

CLERK



DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

07 CV 3940

Judge Pauley

---------------------------------------------------------------x
JOHN L. CRUISE, JR., BRIAN CONRAD,
KENNETH J. DIBBLE, MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER J. KROL, EDGAR
VELLOTTI,

                        Plaintiffs,

- against -

MICHAEL J. DOYLE, as General Chairman, LOCAL
DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
and MTA METRO-NORTH RAILROAD,

                        Defendants.
---------------------------------------------------------------x

COMPLAINT AND
DEMAND FOR JURY
TRIAL

MAY 21 2007

## INTRODUCTION

This is a hybrid breach of the duty of fair representation case brought pursuant to the Railway Labor Act, 45 USC § 151 et seq. by seven Locomotive Engineers against their union and employer. The Plaintiffs allege that their union acting in concert with their employer have conspired to discriminate against them in their terms and conditions of employment for arbitrary and illegal reasons.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under the Railway Labor Act 45 USC § 151, et seq. and pursuant to 28 USC § 1337. Because this action alleges a breach of the duty of fair representation, it need not be submitted to an Adjustment Board pursuant to 45 USC § 153. Venue is appropriate because all defendants reside in this district, 28 U.S.C. § 139 (a).

## THE PARTIES

2. Plaintiff John L. Cruise is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at P.O. Box 683, Dover Plains, New York 12522.

3. Plaintiff Brian A. Conrad is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 5 North View Lane, Hopewell Junction, New York 12533.

4. Plaintiff Kenneth J. Dibble is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 2 McCure Court, New Milford, CT 06776.

5. Plaintiff Matthew A. Eirich is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at P.O. Box 5335 Brookfield, CT 06804.

6. Plaintiff Michael Kology is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 1500 RTE 9G, Lot #9, Hyde Park, New York 12538.

7. Plaintiff Peter J. Krol is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive

Engineer Association of Commuter Rail Employees. He resides at 139 Fountain Street - Apt. A8, New Haven, CT 06515.

8. Plaintiff Edgar Vellotti is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 1135 Hamilton Avenue, Waterbury, CT 06706.

9. Defendant Michael Doyle is sued in his representational capacity as General Chairman Local Division 9, Locomotive Engineer, Association of Commuter Rail Employees.

10. Local Division 9, Locomotive Engineer Associates of Commuter Rail Employees ("ACRE") is party to a collective bargaining agreement with defendant MTA Metro-North Railroad. ACRE is a representative designated by employees employed as Locomotive Engineers by Metro-North to act for said employees. ACRE's principal place of business is 420 Lexington Avenue, New York, New York.

11. Defendant MTA Metro-North Railroad ("Metro-North") is an operating agency of the Metropolitan Transportation Authority, which provides commuter rail service. Metro-North is a "carrier" as defined by 45 USC § 151 (First). Metro-North's principal place of business is 347 Madison Avenue, New York, New York.

## FACTS

12. Defendant ACRE and Defendant Metro-North are parties to a collective bargaining agreement.

13. Each of the Plaintiffs is employed by Defendant Metro-North in the classification of Locomotive Engineer.

14. Each of the Plaintiffs became a Locomotive Engineer during the period 2002-2003.

15. Each of the Plaintiffs is a member of ACRE.

16. Each of the Plaintiffs had been employed by Metro-North in a different job classification prior to being hired as a Locomotive Engineer.

   (a) Plaintiffs Cruise, Krol and Vellotti became part of the Locomotive Engineer Training Class dated July 28, 2003. Plaintiff Cruise's seniority date in his previous classification was November 20, 2000; Plaintiff Krol's seniority date in his previous classification was July 31, 2000; and Plaintiff Vellotti's seniority date in his previous classification was May 7, 2001.

   (b) Plaintiffs Kology and Conrad became part of the Locomotive Engineer Training Class dated December 9, 2002. Plaintiff Kology's seniority date in his previous classification was December 12, 1994. Plaintiff Conrad's seniority date in his previous classification was July 6, 1998.

   (c) Plaintiffs Dibble and Eirich became part of the Locomotive Engineer Class dated May 27, 2003. Plaintiff Dibble's seniority date in his previous classification was February 7, 2000; Plaintiff Eirich's seniority date in his previous classification was July 17, 2000.

17. It has been the practice of Metro-North to increase the wages of its employees upon their anniversary in their job classification.

18. When workers are promoted into the Locomotive Engineer classification – one of the most highly skilled and paid job classifications – they would receive a new anniversary date reflecting their new status. This frequently would have the effect of delaying the annual wage increase for workers who changed job classifications for many months. Metro-North job postings set a wage progression for Locomotive Engineers. For the class entering July 28, 2003

the job posting provided as follows:

<u>Rate of Pay:</u>
The full rate of pay is $31.95/hour. The wage progression scale is as follows: 70-75-80-85-90-100%.

The rate for employees transferring into this craft will be determined by the following:
1. The employee's hourly rate of pay in the Locomotive Engineer's position will be the hourly step-rate of pay of the Locomotive Engineer position that most closely approximate the hourly step-rate of pay of the organizing position (current position).
2. If the current position's hourly rate of pay falls between steps of the Locomotive Engineer's position, the employee will receive the higher step-rate. If the Locomotive Engineer's position has a lower maximum (100%) hourly rate of pay than the employee's current position, the highest hourly rate the employee will receive as a Locomotive Engineer is the 100% rate of the Locomotive Engineer position.

19. In addition Metro-North provided that each Locomotive Engineer with a new seniority date. The Metro-North job posting provided:

<u>Seniority</u>

Once accepted into the training program, an employee of any other craft or class <u>may</u> continue to hold his/her seniority, <u>subject</u> to applicable agreements of that craft or class, upon successful completion of the training program as Locomotive Engineer, such employee must relinquish seniority in all other crafts before being placed on the Locomotive Engineer's seniority roster, represented by ACRE. Locomotive Engineers starting on the same date will be ranked on the ACRE seniority roster in the order of their company service.

20. In September 2006, the Plaintiffs learned that a group of locomotive engineers appointed in 2004 and forward, and having less experience in the Locomotive Engineer classification than Plaintiffs were permitted to keep their original anniversary date for purposes of salary and wage increases.

21. This change in the manner in which Metro-North provided wage increments to members of the Locomotive Engineer classification, came about as a result of surreptitious dealings

between Metro-North management and officers of ACRE. No other Locomotive Engineers who were still in the step rate process were permitted to keep their original anniversary dates.

22. As a result of the surreptitious arrangements, members of the Class of 2004 were frequently earning more money than Plaintiffs. Plaintiffs had trained members of the Class of 2004.

23. Plaintiffs did not learn of this change in seniority dates until September 2006.

24. Throughout the fall of 2006, Plaintiffs contacted Defendant Doyle and other ACRE officers to protest the fact that members of the Class of 2004 were being given an enhanced benefit.

25. Defendant Doyle repeatedly reassured the Plaintiffs that they would have their seniority date adjusted. Indeed, on several occasions, he assured individual Plaintiffs that they would receive an immediate salary adjustment and in, at least one case, Defendant Doyle promised to secure retroactive pay.

26. In December 2006, Defendant Doyle informed Plaintiff Cruise that the issues raised by the Plaintiffs would be taken up by ACRE's General Committee.

27. ACRE's General Committee has not contacted the Plaintiffs concerning the issue of their appropriate seniority dates or salary adjustments..

28. Defendant Doyle and other ACRE officers have instead engaged in a pattern and practice of harassing plaintiffs including calling their families and threatening their employment, taking steps to distract plaintiffs during periods where they are operating their trains.

29. On April 7, 2006, counsel for the Plaintiffs pursuant to Article X of the By-laws of the Association of Commuter Rail Employees, Local Division 9, Locomotive Engineers filed an appeal regarding Defendant ACRE's failure to process the Plaintiffs' grievances concerning their

appropriate seniority dates and their appropriate rates of pay.

30. There was no official response from ACRE or its officers to this letter.

31. Subsequently on May 1, 2007, counsel for ACRE, informed Plaintiffs' counsel that certain Plaintiffs could expect to have adjustments to their salaries accelerated.

32. These adjustments were in fact imposed, but made without the approval or consent of the Plaintiffs, and fall far short of the adjustments Plaintiffs are entitled to.

33. Plaintiffs in comparison to the Class of 2004, and subsequent classes continue to suffer in their terms and conditions of employment.

## AS AND FOR A FIRST CAUSE OF ACTION

34. Plaintiffs repeat and reallege the allegations of paragraphs 1-33.

35. Defendant ACRE in conjunction with Defendant Metro-North acted in concert to discriminate against Plaintiffs.

36. Metro-North has violated its long-established practice of assigning seniority dates to members of the Locomotive Engineer classification, and has permitted the members of the Class of 2004 and subsequent classes to receive a benefit that was not offered to the Plaintiffs.

37. Defendant ACRE has purposely discriminated against the Plaintiffs by assisting the members of Class of 2004 in keeping their former seniority dates and permitted the Class of 2004 and subsequent classes to receive accelerated salary increases to their detriment.

38. Actions of Defendant ACRE were made for arbitrary and discriminatory reasons and constitute a breach of the duty of fair representation.

39. Plaintiffs' salary progression should be accelerated in accordance with their previous classification dates, and they should be compensated for the delay in receiving the appropriate salary progression

39. No previous application has been made for the relief requested herein.

WHEREFORE, Plaintiffs demand judgment and joint and several liability against defendants Metro-North and ACRE for:

A. Back pay and benefit in an amount to be determined by the Court;

B. An adjustment of their seniority dates to reflect the seniority dates of Plaintiffs' previous classification;

C. All reasonable attorneys' fees and the cost of this action and,

D. All such other and further relief that the Court may deem reasonable.

Dated: May 21, 2007

BROACH & STULBERG, LLP

By: ███████████
   ▓▓▓▓e (IC 7121)
BROACH & STULBERG, LLP
One Penn Plaza
Suite 2016
New York, New York 10119
Tel. (212) 268-1000

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38 (b) of the Federal Rules of Civil Procedures, a trial by jury in the above-captioned action.

Dated: May 21, 2007

                                       BROACH & STULBERG, LLP

                                       By: _____
                                            IRA CURE (IC 7121)
                                       Attorneys for Plaintiffs
                                       One Penn Plaza, Suite 2016
                                       New York, New York 10119
                                       (212) 268-1000