UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
JOHN L. CRUISE, JR., BRIAN CONRAD, :
KENNETH J. DIBBLE, MATTHEW A. EIRICH, :
MICHAEL KOLOGY, PETER J. KROL, :
EDGAR VELLOTTI, :
  :
                        Plaintiffs, :
  : 07-CV-3940
          - against - : (Pauley, J)
  : (Pitman, MJ)
MICHAEL J. DOYLE, as General Chairman, LOCAL :
DIVISION 9, LOCOMOTIVE ENGINEERS, :
ASSOCIATION OF COMMUTER RAIL EMPLOYEES, :
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER :
ASSOCIATION OF COMMUTER RAIL EMPLOYEES, :
and MTA METRO-NORTH RAILROAD, :
  :
                        Defendants. :
  :
---------------------------------------------x

## DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

HOLM & O'HARA LLP
*Attorneys for Defendants*
*Michael F. Doyle, sued herein as*
*Michael J. Doyle, as General Chairman,*
*Local Division 9, Locomotive Engineers,*
*and Association of Commuter Rail Employees*
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280

RICHARD K. BERNARD,
Vice President and General Counsel
*Attorneys for Defendant MTA Metro-North*
347 Madison Avenue
New York, New York 10017
(212) 340-2027

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    PLAINTIFFS' OPPOSITION PAPERS SUBMIT DOCUMENTS INADMISSIBLE ON A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    PLAINTIFFS' COMPLAINT DOES NOT MEET THE *BELL ATLANTIC* NOR *CONLEY* STANDARD FOR RULE 12(b)(6) . . . . . . . . 4

    III.    PLAINTIFFS' ARE NOT ENTITLED TO TOLLING OF THE STATUTE OF LIMITATIONS BASED ON A DEFENSE OF FRAUDULENT CONCEALMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    PLAINTIFFS Fail to Show ACRE Concealed Their Cause of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.    PLAINTIFFS Were Not Diligent in Pursuing Their Claim . . . . . . 8

    IV.    PLAINTIFFS FAILED TO SHOW A BREACH OF THE DUTY OF FAIR REPRESENTATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    V.    PLAINTIFFS FAILED TO SHOW A BREACH OF THE COLLECTIVE BARGAINING AGREEMENT . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TABLE OF AUTHORITIES

**Pages**

**U.S. SUPREME COURT CASES**

Bailey v. Glover,
88 U.S. (21 Wall.) 342 (1874)..................................................................................7

Bell Atl. Corp. v. Twombly,
___ U.S. ___, 127 S. Ct 1955 (2007).................................................................1, 4, 5

Conley v. Gibson,
355 U.S. 41 (1957)..........................................................................................1, 5, 6

Del Costello v. Int'l Bhd. of Teamsters,
462 U.S. 151 (1983)..................................................................................................6

Ford Motor Co. v. Huffman,
345 U.S. 330 (1953)................................................................................................14

Vaca v. Sipes,
386 U.S. 171 (1967)................................................................................................14

**U.S. CIRCUIT COURT OF APPEALS CASES**

Allen v. W. Point-Pepperell, Inc.,
945 F.2d 40 (2d Cir. 1991)........................................................................................2

ATSI Communs., Inc. v. Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007)........................................................................................5

Barton Brands Ltd. v. NLRB,
529 F.2d 793 (7th Cir. 1976)...................................................................................13

Buttry v. General Signal Corp.,
68 F.3d 1488 (2d Cir. 1995)....................................................................................12

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002).............................................................................2, 3, 10

Cohen v. Flushing Hosp. & Med. Ctr.,
68 F.3d 64 (2d Cir. 1995)..........................................................................................9

Demchik v. General Motors Corp.,
821 F.2d 102 (2d Cir. 1986)......................................................................................7

Eatz v. The DME Unit of Local Union No. 3 of the Int'l Bhd. Of Elec. Workers,
794 F.2d 29 (2d Cir. 1986)..................................................................................11, 12

Faulkner v. Beer,
463 F.3d 130 (2d Cir. 2006)..................................................................................3, 4

Flanigan v. Int'l Bhd. Of Teamsters,
942 F.2d 824 (2d Cir. 1991)......................................................................................12

Int'l Audiotext Network, Inc. v. AT&T,
62 F.3d 69 (2d Cir. 1995).........................................................................................3

Iqbal v. Hasty,
490 F.3d 143 (2d Cir. 2007).....................................................................................5

Legutko v. Local 816, Int'l Bhd. Of Teamsters,
853 F.2d 1046 (2d Cir. 1988)..................................................................................9

Lewis v. Tuscan Dairy Farms, Inc.,
25 F.3d 1138 (2d Cir. 1994)....................................................................................12

New York v. Hendrickson Bros., Inc.,
840 F.2d 1065 (2d Cir. 1988)..............................................................................6, 7

Overall v. Estate of L.H.P. Klotz,
52 F.3d 398 (2d Cir. 1995)......................................................................................8

Patane v. Clarke,
2007 U.S. App. LEXIS 27391 (2d Cir. 2007).........................................................2

Rakestraw v. United Airlines, Inc.,
981 F.2d 1524 (7th Cir. 1992)................................................................................13

Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers,
378 F.3d 269 (2d Cir. 2004)...................................................................................12

Rothman v. Gregor,
220 F.3d 81 (2d Cir. 2000).......................................................................................2

**U.S. DISTRICT COURT CASES**

Abdelmesih v. Waldorf-Astoria,
1998 U.S. Dist. LEXIS 16640 (S.D.N.Y. 1998)....................................................13

Antongorgi v. Bovena,
2007 U.S. Dist. LEXIS 53571 (E.D.N.Y. 2007)......................................................5

Bush v. O.P.E.I.U. Local 153,
499 F. Supp. 2d 571 (S.D.N.Y. 2007)..................................................................................4

Dorcely v. Wyandanch Union Free Sch. Dist.,
2007 U.S. Dist. LEXIS 71068 (E.D.N.Y. 2007)..............................................................4, 6

Ello v. Singh,
2007 U.S. Dist. LEXIS 78138 (S.D.N.Y. 2007)..................................................................3

Ford v. Airline Pilots Ass'n Int'l.,
268 F. Supp. 2d 271 (E.D.N.Y. 2003)...............................................................................13

Gordon v. Health & Hosps. Corp.,
2007 U.S. Dist. LEXIS 50539 (E.D.N.Y. 2007)..................................................................5

Harrison v. Harlem Hospital,
2007 U.S. Dist. LEXIS 71908 (S.D.N.Y. 2007)................................................................10

Schermerhorn v. James,
1997 U.S. Dist. LEXIS 17139 (S.D.N.Y. 1997).............................................................7, 8

Spruill v. NYC Health & Hospital,
2007 U.S. Dist. LEXIS 63093 (S.D.N.Y. 2007).............................................................2, 4

**FEDERAL STATUTES**

FED. R. CIV. P. Rule 8......................................................................................................3

FED. R. CIV. P. Rule 12....................................................................................................3

FED. R. CIV. P. Rule 12(b)(6)..................................................................................1, 4, 15

## PRELIMINARY STATEMENT

Defendants Michael F. Doyle (sued herein as Michael J. Doyle), as General Chairman of the Local Division 9, Locomotive Engineers, Association of Commuter Rail Employees ("DOYLE") and the Association of Commuter Rail Employees ("ACRE") (collectively "ACRE") and the MTA Metro-North Railroad ("METRO-NORTH"), jointly and respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint against them for failure to state a claim upon which relief may be granted pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6). See FED. R. CIV. P. 12(b)(6).

Plaintiffs John L. Cruise, Jr., Brian Conrad, Kenneth J. Dibble, Matthew A. Eirich, Michael Kology, Peter J. Krol, and Edgar Vellotti (collectively "PLAINTIFFS") submitted a memorandum of law in opposition to defendants' joint motion to dismiss (hereinafter cited as "Pl. Opp.") citing eleven (11) exhibits, none of which were appended to the PLAINTIFFS' Complaint. Five (5) of the exhibits (Exhibits # 1 – 3, 8 and 11) are properly before the Court on this Rule 12(b)(6) motion to dismiss. However, defendants object to the remaining six (6) exhibits, which were never referenced nor relied upon in PLAINTIFFS' Complaint, and are improperly before the Court on this Rule 12(b)(6) motion to dismiss. PLAINTIFFS' attempt to place these documents before the Court in their opposition papers is a tacit admission that their Complaint does not meet the *Bell Atlantic* nor the *Conley* standard. See Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct 1955 at 1965 (2007); Conley v. Gibson, 355 U.S. 41, 47 (1957).

The instant dispute does not involve seniority rights, yet PLAINTIFFS continue to premise their arguments on seniority. Complaint ¶¶ 16, 19, 23, 25, 27, 29, 36 and 37; Pl. Opp. pp. 3, 4, 5 and 11 – 16. PLAINTIFFS seek retroactive pay, yet fail to allege a breach of the

collective bargaining agreement. PLAINTIFFS' Opposition fails to show that they alleged facts to show that any of ACRE's actions were plausibly arbitrary, discriminatory, or in bad faith. Moreover, PLAINTIFFS first learned of the facts underlying their claim in September 2006. PLAINTIFFS fail to state any equitable defense for tolling the statute and therefore, their Complaint must be dismissed pursuant to Rule 12(b)(6).

## ARGUMENT

## POINT I

## PLAINTIFFS' OPPOSITION PAPERS SUBMIT DOCUMENTS INADMISSBLE ON A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

PLAINTIFFS' Exhibits # 4 – 7 and 9 – 10 are extraneous and improperly placed before the Court in opposition to defendants joint motion to dismiss pursuant to Rule 12(b)(6) (hereinafter referred to as "Extraneous Exhibits"). Adopting the *Bell Atlantic* standard for motion to dismiss, the Second Circuit reiterated that "[i]n assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as 'documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'" Patane v. Clarke, 2007 U.S. App. LEXIS 27391 at [*8] (2d Cir. 2007), citing Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). The Court may also consider matters of judicial notice. See Spruill v. NYC Health & Hospital, 2007 U.S. Dist. LEXIS 63093 at [*4] (S.D.N.Y. 2007) (stating that on a 12(b)(6) motion to dismiss, the court may consider facts stated in the complaint, documents annexed to or incorporated in the complaint by reference, and matters of judicial notice), citing Allen v. W. Point-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

PLAINTIFFS' Extraneous Exhibits should not be considered by the Court on this motion to dismiss because PLAINTIFFS did not rely on these documents in preparing the

Complaint. The Second Circuit clarified that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a *necessary prerequisite* to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Chambers, 282 F.3d at 153 (emphasis added). If PLAINTIFFS possessed and relied upon the Extraneous Exhibits in formulating their cause of action, PLAINTIFFS' counsel should have referenced, cited and appended the Extraneous Exhibits to the Complaint to state their cause of action in compliance with the Federal Rules of Civil Procedure Rules 8 and 12. See FED. R. CIV. P. Rules 8 & 12. PLAINTIFFS now rely on the Extraneous Exhibits during the several months *after* the Complaint was filed, resulting in their untimely submission of these documents in their opposition papers. Notably, PLAINTIFFS state that Exhibits # 7 & 8 were "disclosed" during a hearing which took place on June 12, 2007, more than three (3) weeks after the Complaint was filed. See Pl. Opp. at p. 16; Declaration of Ira Cure ¶¶ 7 & 8; Exhibits # 7 & 8. Neither PLAINTIFFS' Opposition papers, nor the Declaration of Ira Cure alleges that PLAINTIFFS relied on any of the Extraneous Exhibits in filing this action.

  The Court may consider a document not incorporated by reference if the document is "integral to the complaint" and its terms and effect are relied upon heavily. See Chambers, 282 F.3d at 153, quoting Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995). See also Ello v. Singh, 2007 U.S. Dist. LEXIS 78138 (S.D.N.Y. 2007) (allowing consideration of the contents of a document where the document was referenced in the complaint but not reproduced in its entirety). Further, the Second Circuit stated that other conditions must be met before material outside the record may be considered. "It must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document . . . [and] that there exist no material disputed issues of fact regarding the relevance of the document." Faulkner v. Beer,

3

463 F.3d 130 at 134 (2d Cir. 2006) (vacating dismissal where there were clear factual issues as to whether the documents were "integral" and whether plaintiffs knew of or relied on the documents). PLAINTIFFS' Extraneous Exhibits are not "integral to the complaint" and should not be considered by the Court on this motion to dismiss.

However, if the Court chooses to consider PLAINTIFFS' Extraneous Exhibits by converting this motion for dismissal under Rule 12(b)(6) into a motion for summary judgment pursuant to Rule 56, ACRE and METRO-NORTH dispute the accuracy, authenticity, relevance and admissibility of the Extraneous Exhibits, as well as find numerous deficiencies in the Extraneous Exhibits. Defendants respectfully request an opportunity to present all relevant material to the Court pursuant to Rule 12(b)(6) if the Court decides to convert this motion to a motion for summary judgment pursuant to Rule 56. FED. R. CIV. P. Rule 12(b)(6). See also Faulkner, 463 F.3d at 134.

## POINT II

## PLAINTIFFS' COMPLAINT DOES NOT MEET THE *BELL ATLANTIC* NOR *CONLEY* STANDARD FOR RULE 12(b)(6)

PLAINTIFFS contend that the *Bell Atlantic* standard should not govern the instant Rule 12(b)(6) motion because *Bell Atlantic* was decided on May 21, 2007, the same day the PLAINTIFFS' Complaint was filed. See Bell Atl. Corp., ___ U.S. ___, 127 S. Ct at 1955. PLAINTIFFS' argument is without merit, as courts in this Circuit have consistently applied *Bell Atlantic* to cases filed prior to the publication of the United States Supreme Court opinion in May 2007. See e.g., Spruill, 2007 U.S. Dist. LEXIS 63093 (applying the *Bell Atlantic* standard to grant a 12(b)(6) motion to dismiss a complaint filed in 2006); Bush v. O.P.E.I.U. Local 153, 499 F. Supp. 2d 571 (S.D.N.Y. 2007) (applying the *Bell Atlantic* standard to grant a 12(b)(6) motion to dismiss a complaint filed in 2005); Dorcely v. Wyandanch Union Free Sch. Dist., 2007

4

U.S.Dist. LEXIS 71068 (E.D.N.Y. 2007) (applying the *Bell Atlantic* standard to grant a 12(b)(6) motion to dismiss a complaint filed in 2006). PLAINTIFFS' allegation that the *Conley* standard should be the prevailing law at the time the action was initiated is unfounded because *Conley* and *Bell Atlantic* are motion standards, which apply at the time the motion is filed, and not pleading standards. Therefore, the Court should dismiss PLAINTIFFS' Complaint for failing to meet the *Bell Atlantic* standard pursuant to Rule 12(b)(6).

PLAINTIFFS also argue that *Bell Atlantic* applies only to anti-trust cases and therefore, the overruled *Conley* standard should be applied on the instant motion. See Bell Atl. Corp., ___ U.S. ___, 127 S. Ct 1955 at 1965; Conley, 355 U.S. at 47. PLAINTIFFS' narrow reading of *Bell Atlantic* is not accepted by courts in the Second Circuit. Since the promulgation of the new *Bell Atlantic* standard, the Second Circuit declined to interpret *Bell Atlantic* as relating to anti-trust cases only. See Iqbal v. Hasty, 490 F.3d 143 at 157 (2d Cir. 2007) ("We are reluctant to assume that all of the language of Bell Atlantic applies only to section 1 allegations based on competitors' parallel conduct or, slightly more broadly, only to antitrust cases") Id. at 157. See also ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("We have declined to read Twombly's flexible "plausibility standard" as relating only to antitrust cases"), citing Iqbal, 490 F.3d at 157. Moreover, New York courts apply the *Bell Atlantic* standard to cases involving the duty of fair representation, including a hybrid § 301 claim in Antongorgi v. Bovena, a case cited in PLAINTIFFS' Opposition Memorandum. See Pl. Opp. at p. 8; Antongorgi v. Bovena, 2007 U.S. Dist. LEXIS 53571 (E.D.N.Y. 2007). See also Gordon v. Health & Hosps. Corp., 2007 U.S. Dist. LEXIS 50539 (E.D.N.Y. 2007) (applying the *Bell Atlantic* standard to a pro se plaintiffs' claim for breach of the duty of fair representation);

5

Dorcely, 2007 U.S. Dist. LEXIS 71068 (applying the *Bell Atlantic* standard to grant motion to dismiss in duty of fair representation and Title VII case).

Therefore, *Bell Atlantic* is controlling authority in the instant action and PLAINTIFFS' Complaint should be dismissed for failure to allege facts showing that a breach of the duty of fair representation by ACRE and METRO-NORTH is plausible. Even under the old *Conley* standard, PLAINTIFFS' Complaint should be dismissed because it appears beyond doubt that PLAINTIFFS cannot prove any set of facts in support of their claim which would entitle them to relief. See Conley, 355 U.S. at 45 – 46.

### POINT III

### PLAINTIFFS ARE NOT ENTITLED TO TOLLING OF THE STATUTE OF LIMITATIONS BASED ON A DEFENSE OF FRAUDULENT CONCEALMENT

PLAINTIFFS allege that in September 2006 they learned that some locomotive engineers were treated differently than PLAINTIFFS. Complaint ¶ 20. PLAINTIFFS had six (6) months to initiate this lawsuit from the time PLAINTIFFS knew of these allegations giving rise to their hybrid § 301 cause of action. See Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 171 (1983) (holding that an employee bringing a hybrid/duty of fair representation claim against the union and employer must file within the six (6) month statute of limitations). The six (6) month statute of limitations may be tolled where a plaintiff can show that the defendant fraudulently concealed the plaintiff's cause of action. See New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988). However, PLAINTIFFS' Opposition fails to establish a defense of fraudulent concealment to toll the applicable statute of limitations in this action. Pl. Opp. at pp. 8 – 10.

A plaintiff alleging fraudulent concealment must show that the defendant fraudulently concealed plaintiffs' cause of action and that there was no negligence or laches by

6

plaintiff in discovering the facts that form the basis of his action. See Hendrickson Bros., Inc., 840 F.2d at 1083 (stating that the purpose of the fraudulent concealment doctrine is to prevent a defendant from perpetrating a fraud "in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it"), quoting Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349 (1874).

### A. PLAINTIFFS Fail To Show ACRE Concealed Their Cause of Action

PLAINTIFFS cannot establish equitable arguments to toll the six month statute of limitations in this action. Fraudulent concealment of a union's actions may toll the applicable statute of limitations until a plaintiff acquires knowledge of the facts that give rise to his cause of action, or should have acquired knowledge of the facts through reasonable diligence. See Demchik v. General Motors Corp., 821 F.2d 102, 105 – 06 (2d Cir. 1986) (tolling statute of limitations where union negligently failed to timely file notice of appeal and plaintiff was not informed of failure to file until two (2) years later). Cf. Schermerhorn v. James, 1997 U.S. Dist. LEXIS 17139 (S.D.N.Y. 1997) (denying tolling to plaintiffs who were aware of, and acted upon, the material facts that served as the basis of their claim by filing an appeal and a Department of Labor complaint). PLAINTIFFS acted upon their September 2006 acquisition of knowledge evidenced by their allegation that they wrote a letter to Mr. Doyle in November 2006 (Pl. Opp. Ex. 9) demanding relief which they were not entitled to under the CBA. See Pl. Opp. at p. 9 (Pl. Opp. erroneously cites "Declaration of Ira Cure ¶ Exhibit J;" PLAINTIFFS' Exhibits are identified by numbers). Further, PLAINTIFFS filed a subsequent "appeal" based solely on the facts they learned in September 2006. Complaint ¶ 29. It is clear that PLAINTIFFS knew of all material facts underlying their claim in September 2006, acted upon them during the several months following September 2006 and "cannot show that they were 'induced . . . to refrain from

7

timely commencing an action.'" <u>Schermerhorn</u>, 1997 U.S. Dist. LEXIS 17139 at [*6], <u>quoting</u> <u>Overall v. Estate of L.H.P. Klotz</u>, 52 F.3d 398, 404 (2d Cir. 1995).

For PLAINTIFFS to successfully assert tolling based on fraudulent concealment, they must demonstrate that they became aware of facts material to their claim at some time *after* September 2006 and that their late discovery was due to Defendants' concealment. Although the Complaint alleges "surreptitious" actions by ACRE and METRO-NORTH, this disputed characterization is used only to describe actions alleged to have occurred *prior to* 2006. <u>See</u> Complaint ¶¶ 21 & 22; Pl. Opp. pp. 11, 12 and 15. The Complaint makes no other allegations of fraud or concealment by Defendants. Taking PLAINTIFFS' allegations as true and assuming Defendants' actions in allegedly providing a benefit only to junior ACRE locomotive engineers was clandestine, PLAINTIFFS nevertheless learned of all material facts giving rise to their alleged cause of action in September 2006. The Complaint fails to detail any new information or knowledge acquired by PLAINTIFFS after September 2006, and during the period up to the time of filing the instant action, which would entitle them to a defense for tolling the statute.

### B. PLAINTIFFS Were Not Diligent in Pursuing Their Claim

PLAINTIFFS' allege that in September 2006, they learned that employees in the class of 2004, who were junior ACRE members in relation to plaintiffs, "were frequently earning more money than [p]laintiffs" and demand relief in the form of "back pay." Complaint ¶ 22 & 39. If PLAINTIFFS wanted additional pay pursuant to the CBA, PLAINTIFFS should have filed a claim and followed the administrative procedures set forth in Rule 22 of the CBA ("Presentation of Claims for Compensation"). <u>See</u> Defs. Decl. Exhibit B, CBA, Rule 22, pp. 25 – 28. None of the PLAINTIFFS filed a claim for compensation pursuant to Rule 22 and the

8

Complaint fails to state the date and manner in which the alleged grievance was filed. See Complaint ¶¶ 1 – 39.

Choosing not to file a claim pursuant to Rule 22 of the CBA, the PLAINTIFFS engaged in verbal discussions with ACRE "[t]hroughout the fall of 2006." Complaint at ¶ 24. In *Cohen*, the Court stated that a "grieved employee cannot rely on a union's lack of response to informal correspondence to toll the statute of limitations when he has failed to invoke the formal grievance procedures available to him under the collective bargaining agreement." Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64 at 68 (2d Cir. 1995), citing Legutko v. Local 816, Int'l Bhd. Of Teamsters, 853 F.2d 1046, 1055 (2d Cir. 1988) (holding that where plaintiff does not pursue formal grievance procedures, but rather "follows his own, informal approach," a union's non-responsiveness is not a basis for tolling the statute of limitations). Therefore, PLAINTIFFS may not maintain that they exercised due diligence in acquiring knowledge. Moreover, PLAINTIFFS were negligent in pursuing their claim by failing to follow the proper grievance procedures provided by the CBA. Consequently, PLAINTIFFS cannot maintain a plausible argument for Defendants' fraudulent concealment of their claims and the Complaint should be dismissed as barred by the six (6) month statute of limitations provided by the N.L.R.A. § 10(b).

## POINT IV

### PLAINTIFFS FAILED TO SHOW A BREACH OF THE DUTY OF FAIR REPRESENTATION

PLAINTIFFS' Opposition fails to establish that facts exist to show ACRE's actions were arbitrary, discriminatory or in bad faith. Rather, for the first time, PLAINTIFFS present new theories in their opposition papers that there was a "first breach" and a "second breach" by defendants. See Pl. Opp. at p. 11. PLAINTIFFS argue the "first breach" was a "surreptitiously negotiated" wage progression. Id. Defendants Joint Memorandum clarifies that

9

the 2004 change in policy regarding step rate wage progression was not a change in the CBA or a contractual violation because the CBA does not govern how the step rate progression applies to transferees. See Defs. Mem. at pp. 3 – 4. Moreover, there was no "surreptitious" negotiation as established by "POINT III" of this Reply. See "POINT III," supra. PLAINTIFFS' allegation of a "second breach" is unfounded because they did not allege a breach of the ACRE Constitution in the Complaint. See Complaint. In fact, the Complaint never cites, references or relies upon the ACRE Constitution and therefore, it is not a proper document before the Court on this motion. See Chambers, 282 F.3d at 152-53, see also Harrison v. Harlem Hospital, 2007 U.S. Dist. LEXIS 71908 at *4 (S.D.N.Y. 2007). Consequently, all of PLAINTIFFS' arguments premised on the ACRE Constitution should be disregarded by the Court on this motion to dismiss. See Pl. Opp. at pp. 5, 7, 10, 11, and 13 – 15.

      PLAINTIFFS repeatedly characterize their dispute as a "seniority" issue. See Pl. Opp. at pp. 11 – 15. PLAINTIFFS are mistaken in their understanding of the CBA and of the underlying conflict in this action. PLAINTIFFS' Opposition correctly states that an employee's wages are increased upon the anniversary of their date of hire, but incorrectly cites an inadmissible 1993 agreement between the Brotherhood of Locomotive Engineers (ACRE's predecessor) and METRO-NORTH. See Pl. Opp. at p. 3 (Pl. Opp. erroneously cites "Declaration of Ira Cure ¶ Exhibits E and F;" PLAINTIFFS' Exhibits are identified by numbers). On the contrary, Rule 3 of the CBA governs step rate wage increases for Metro-North engineers. See Defs. Mem. at p. 2 – 4; Defs. Decl. Exhibit B, CBA, Rule 3 pp. 3 – 4. There is no provision for protection of seniority in the CBA. See Defs. Decl. Exhibit B, CBA. The instant action is not a seniority case, but a dispute involving wages where PLAINTIFFS seek "back pay." Complaint at ¶ 39.

PLAINTIFFS cite a Metro-North job posting in support of their argument that this is a seniority case. Pl. Opp. at pp. 4 – 5; Complaint ¶ 19. PLAINTIFFS do not and cannot cite any cases holding that the failure to honor the terms of a job posting is grounds for a breach of a duty of fair representation. However, the Metro-North job posting is almost identical to a provision regarding seniority is in the CBA, Rule 43(C). See Defs. Decl. Exhibit B, CBA, Rule 43(C), p. 58. Notably, PLAINTIFFS never alleged a contractual violation of the CBA Rule 43(C) in the Complaint nor their Opposition papers. ACRE and METRO-NORTH never changed this seniority provision and it is still in effect today. PLAINTIFFS misinterpret Rule 43(C) to allege that it provides for seniority protection for craft transferees. See Complaint ¶ 19; Pl. Opp. at pp. 4 -5. Rule 43(C) states that an "upon completion of the training program . . . [an] employee must relinquish seniority in all other crafts before being placed on the Passenger Engineer's seniority roster," meaning that when an employee with conductor seniority completes the engineer training program, he must relinquish his conductor seniority before acquiring any seniority as an engineer. See Defs. Decl. Exhibit B, CBA, Rule 43(C), p. 58. The transferee's rate of pay is still governed by Rule 3 as set forth in detail in Defs. Mem. at pp. 9 – 10.

PLAINTIFFS cite *Eatz* as controlling authority. See Eatz v. The DME Unit of Local Union No. 3 of the Int'l Bhd. Of Elec. Workers, 794 F.2d 29 (2d Cir. 1986). However, *Eatz* is not analogous procedurally or factually. *Eatz* was decided under the standard for summary judgment pursuant to Rule 56 on the ground of whether the complaint was time barred. Since the Court was proceeding under Rule 56, the Court considered additional evidence in deciding the motion, unlike the limited record the Court must consider on the instant Rule 12(b)(6) motion. Id. at 31. The Court held that although the plaintiffs alleged "invidious and arbitrary distinctions," it was not a "DelCostello-type, hybrid § 301/duty of fair representation

11

claim." Id. at 30, 33. In contrast, PLAINTIFFS in the instant action are alleging a § 301/hybrid claim, yet never raised any allegations which could be characterized as "invidious" or "arbitrary," nor any breach of contract.

*Eatz* considered affidavits and other evidence of events occurring within the limitations period and after the Complaint was filed because the motion was decided pursuant to Rule 56, rather than Rule 12(b)(6). Id. at 34. *Eatz* held that the District Court should have given plaintiffs an opportunity to file an amended complaint to include "post-limitations period events tending to show a breach of union's the duty of fair representation." Id. at 34. However, subsequent cases interpreting the *Del Costello* statute of limitations have strictly interpreted the statutory period to begin "when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." Flanigan v. Int'l Bhd. Of Teamsters, 942 F.2d 824 at 827 (2d Cir. 1991). See also Buttry v. General Signal Corp., 68 F.3d 1488 at 1492 (2d Cir. 1995) ("Once a plaintiff learns of his union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiffs 'cannot be treated as a continuing violation that precludes the running of the limitations period.'"), quoting Flanigan, 942 F.2d at 827.

Moreover, the remaining cases cited by PLAINTIFFS in support of their arguments regarding seniority are distinguishable and/or not controlling authority in this jurisdiction. See e.g., Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138 (2d Cir. 1994) (affirming that the union breached its duty of fair representation where plaintiffs alleged that the union violated their contractual right to retain seniority upon merger with another employer); Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers, 378 F.3d 269 (2d Cir. 2004) (affirming jury verdict for plaintiff airline mechanics who alleged their union violated the duty of fair representation when their airline employer merged with another airline and failed to

12

advocate for their seniority after the merger in retaliation against the employees). PLAINTIFFS cite Rakestraw v. United Airlines, Inc., 981 F.2d 1524 (7th Cir. 1992) solely to quote the holding from Barton Brands Ltd. v. NLRB, 529 F.2d 793, 799 (7th Cir. 1976) (holding that union committed unfair labor practice in making seniority decisions based on grounds of political expediency). Pl. Opp. at pp. 12 – 13. *Rakestraw* decided two cases in the 7th Circuit. In the first case, Judge Easterbrook affirmed that the union did not violate its duty of fair representation where it melded two seniority lists of two merging airlines where the smaller airline voluntarily accepted terms of agreement. In the second case, the Court noted that "[b]argaining has winners and losers" and held that it was not arbitrary, discriminatory or in bad faith for the union to renegotiate seniority to favor pilots who were hired during the strike because it was rationally based on encouraging labor solidarity and benefited the union as a whole. Id. at 1530, 1532 – 36. See also Ford v. Airline Pilots Ass'n Int'l., 268 F. Supp. 2d 271 at 288 (E.D.N.Y. 2003) (analyzing *Rakestraw*). PLAINTIFFS' seniority arguments are without merit, unsupported by the law and irrelevant, as the instant dispute is about wages. PLAINTIFFS' Complaint and Opposition papers fail to show that ACRE's actions were arbitrary, discriminatory or in bad faith and therefore, the Complaint should be dismissed.

### POINT V

### PLAINTIFFS FAILED TO SHOW A BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

To maintain an action against the employer, the PLAINTIFFS must allege that METRO-NORTH breached the collective-bargaining agreement. See Abdelmesih v. Waldorf-Astoria, 1998 U.S. Dist. LEXIS 16640 at [*12] – [*13] (S.D.N.Y. 1998). To successfully state such a claim, a plaintiff must identify a specific provision of the collective bargaining agreement that the employer breached. Id. at [*13]-[*14]. The PLAINTIFFS' Complaint fails to identify

13

any provision of the collective bargaining agreement which was allegedly breached. PLAINTIFFS only allege that METRO-NORTH, after good faith negotiations with ACRE, modified a long established practice concerning the seniority date and pay scale of certain Locomotive Engineers and allowed them to enter the position at a higher rate of pay. This hardly amounts to a breach of any provision of the collective bargaining agreement, especially since it benefited a great deal of the union members. In short, the PLAINTIFFS fail to allege any wrongdoing whatsoever with respect to METRO-NORTH.

Likewise, unions are generally given great latitude in how they choose to represent their members fairly. See Ford Motor Company v. Huffman, 345 U.S. 330 (1953). Here in agreeing to allow certain Locomotive Engineers to enter the position at a higher rate of pay, ACRE and METRO-NORTH greatly benefited the majority of the union's members. In no way can the action of METRO-NORTH or ACRE be construed as discriminatory or in bad faith. See Vaca v. Sipes, 386 U.S. 171, 190 (1967).

Once again, PLAINTIFFS have failed to show any of the elements necessary to call ACRE's, Doyle's, or certainly, METRO-NORTH's actions into question. Therefore, PLAINTIFFS have not established or even alleged any conduct that establishes METRO-NORTH violated any provision of the collective bargaining agreement with ACRE.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Defendants' Joint Motion to Dismiss papers, Defendants ACRE and METRO-NORTH jointly and respectfully request that their motion for an order dismissing the Complaint against them for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6) be granted in its entirety, together with such other and further relief as the Court seems just and proper.

Dated: New York, New York
December 17, 2007

Respectfully submitted,

RICHARD K. BERNARD,
Vice President and General Counsel
*Attorneys for Defendant MTA Metro-North*

By:  /s/Frank Rinaldi
   Frank Rinaldi
   347 Madison Avenue
   New York, New York, 10017
   (212) 340-2027

Respectfully submitted,

HOLM & O'HARA LLP
*Attorneys for Defendants
Michael F. Doyle, sued herein as
Michael J. Doyle, as General Chairman,
Local Division 9, Locomotive Engineers, &
Association of Commuter Rail Employees*

By:  /s/Vincent F. O'Hara
   Vincent F. O'Hara
   Marion M. Lim
   3 West 35th Street, 9th Floor
   New York, New York 10001
   (212) 682-2280

TO:  Ira Cure, Esq.
   BROACH & STULBERG, LLP
   *Attorneys for Plaintiffs
   John L. Cruise, Jr., Brian Conrad,
   Kenneth J. Dibble, Matthew A. Eirich,
   Michael Kology, Peter J. Krol,
   and Edgar Vellotti*
   One Penn Plaza, Suite 2016
   New York, New York 10119
   (212) 268-1000