UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
: 
JOHN L. CRUISE et al.,
:
          Plaintiffs,           :      07 Civ. 3940 (WHP)
:
         -against-           :      AMENDED
                            :      MEMORANDUM AND ORDER
MICHAEL J. DOYLE et al.,
:
          Defendants.
:
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs, seven employees of MTA Metro-North Railroad ("Metro-North"), bring this hybrid action against Defendant Metro-North pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., and Defendants Local Division 9, Locomotive Engineer Association of Commuter Rail Employees ("ACRE") and Michael Doyle, Chairman of ACRE, for breach of their duty of fair representation. Defendants move to dismiss the single hybrid claim alleged in the complaint. For the following reasons, Defendants' motion is granted.

## BACKGROUND

        For purposes of this motion, the Court accepts the following allegations as true. Plaintiffs are Metro-North employees and members of ACRE who became passenger engineers before 2004, while employed by Metro-North. (Complaint dated May 21, 2007 ("Compl." or "Complaint") ¶¶ 1-8, 16.) Plaintiffs' employment is governed by a collective bargaining agreement (the "CBA") between ACRE and Metro-North. (Compl. ¶ 12.) Rule 3 of the CBA governs entry rates of pay, providing that "for the first twelve calendar months of service . . . a

MICROFILMED JAN 15 2008 9:00 AM

Passenger Engineer . . . will be paid 70% of the basic hourly rate of pay for Passenger Engineers," with the percentage increasing to 75%, 80%, 85% and 90% for the second, third, fourth and fifth "twelve calendar months of service," respectively. (Declaration of Vincent F. O'Hara dated October 25, 2007 ("O'Hara Decl.") Ex. B: Agreement between Metro-North Railroad and The Brotherhood of Locomotive Engineers Representing Passenger Engineers, effective January 1, 1995 through December 31, 1998 at 4.[1]) The CBA is silent regarding the appropriate date from which to measure each twelve month period for "craft transferees," that is, existing Metro-North employees who become passenger engineers. (O'Hara Decl. Ex. B.)

Before 2004, Metro-North increased pay rates for craft transferees on the anniversary of their dates of transfer, rather than their start dates. (Compl. ¶ 81.) In 2004, "as a result of surreptitious dealings" with ACRE, Metro-North began to measure pay raises from each employee's hire date, regardless of transfer. (Compl. ¶¶ 20-21.) The class of 2004 was the first to benefit from the new pay scheme. (Compl. ¶ 21.)

Plaintiffs first learned of the new pay scheme in September 2006 and "contacted" Doyle and "other ACRE officers" to protest it "throughout the fall 2006." (Compl. ¶¶ 23-24.) Plaintiffs do not allege that they complied with Rule 22 of the CBA, which governs the process for making compensation claims. (O'Hara Decl. Ex. B at 25-28.) While Doyle promised to secure adjustments and retroactive pay, he took no immediate action. (Compl. ¶¶ 25-27, 30.) Instead, Doyle and ACRE allegedly "engaged in a pattern and practice of harassing plaintiffs." (Compl. ¶ 28.) Plaintiffs filed a "written appeal" on April 7, 2007. (Compl. ¶ 29.) By letter dated May 1, 2007, Defendants informed Plaintiffs that they would receive salary adjustments

---

[1] The CBA is amended by three Memoranda of Understanding collectively covering January 1, 1999 through June 15, 2010. (O'Hara Decl. Exs. C, D, & E.)

without any retroactivity. (Compl. ¶ 32; Declaration of Ira Cure, Esq. dated December 3, 2007 ("Cure Decl.") Ex. 11: Letter from O'Hara to Cure dated May 1, 2007.)

## DISCUSSION

I. Legal Standard

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in a plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"); see also ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases."); Bush v. O.P.E.I.U. Local 153, 499 F. Supp. 2d 571 (S.D.N.Y. 2007) (applying Twombley to grant a motion to dismiss a complaint filed before the decision was issued). Dismissal is proper where a plaintiff fails to plead the basic elements of a claim. Wright v. Giuliani, No. 99 Civ. 10091 (WHP), 2000 WL 777940, at *4 (S.D.N.Y. June 14, 2000). The issue on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his] claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (citation omitted). A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell,

3

Inc., 945 F.2d 40, 44 (2d Cir. 1991); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

II. Statute of Limitations

Where the dates set forth in a pleading show that an action is barred by a statute of limitations, a party may raise the defense in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). The statute of limitations for a hybrid claim against an employer pursuant to the RLA and a union for breach of the duty of fair representation is six months. Welyczko v. U.S. Air, Inc., 733 F.2d 239, 240 (2d Cir. 1984); see also Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 171 (1983). The claim accrues when a plaintiff knew or should have known of the union's breach. Flanigan v. Int'l Bhd. of Teamsters, 942 F.2d 824, 827 (2d Cir. 1991). Where the alleged breach is a union's failure to pursue employees' claims, the statute of limitations is tolled until the employees knew or should have known of the union's failure, "even if some possibility of nonjudicial enforcement remained." Cohen v. Flushing Hosp. & Med. Ctr., 68 F.2d 64, 68 (2d Cir. 1995) (quoting Santos v. Dist. Council of New York City, 619 F.2d 963, 969 (2d Cir. 1980)). Moreover, "a grieved employee cannot rely on a union's lack of response to informal correspondence to toll the statute of limitations when he has failed to invoke the formal grievance procedures available to him under the collective bargaining agreement." Cohen, 68 F.3d at 68.

Plaintiffs assert a single hybrid claim that ACRE and Metro-North "acted in concert to discriminate against Plaintiffs"—Metro-North, by deviating from its long-established pay scheme, and ACRE, by agreeing to the new scheme to the detriment of pre-2004 transferees.

(Compl. ¶¶ 35-38.) Plaintiffs were aware of the facts underlying their claim in September 2006, when they complained to Doyle. However, they failed to file this action until May 21, 2007, eight months later. The statue of limitations was not tolled during the time that ACRE "repeatedly reassured" and "promised" relief to Plaintiffs, because they already knew of ACRE's actions with respect to negotiation of the new pay scheme. See Cohen, 68 F.2d at 68.

Even if Plaintiffs had not known of ACRE's alleged breach in September 2006, the statute of limitations still would not be tolled because Plaintiffs do not allege that they followed the CBE's grievance process. See Cohen, 68 F.2d at 68. Plaintiffs attach a copy of a grievance letter to their opposition papers. (Cure Decl. Ex. 9: Letter from Plaintiffs to Michael Doyle dated November 9, 2006.) However, this Court may not consider that letter in deciding this motion, because Plaintiffs neither alleged that they filed a grievance nor appended the letter to their Complaint. See Allen, 945 F.2d at 44.

Accordingly, Plaintiffs' hybrid claim against Metro-North and ACRE is time-barred. See Schermerhorn v. James, No. 96 Civ. 980 (JSR), 1997 WL 681345, at * 2 (S.D.N.Y. Oct. 31, 1997) (dismissing complaint where plaintiffs were aware of and acted upon the material facts that served as the basis of their claim more than six months before filing their complaint).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' hybrid claim (Docket No. 13) is granted. Plaintiffs may replead by January 29, 2008.

Dated: January 11, 2008
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Ira Steven Cure, Esq.
Broach & Stulberg, LLP
One Penn Plaza, Suite 2016
New York, NY 10119
*Counsel for Plaintiffs*

Frank Rinaldi, Esq.
Metro-North, Office of the General Counsel
347 Madison Avenue
New York, NY 10017
*Counsel for Defendant Metro-North*

Marion Myungjin Lim, Esq.
Holm & O'Hara, LLP
420 Lexington Avenue, Suite 1745
New York, NY 10170
*Counsel for Non-Metro-North Defendants*