UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN L. CRUISE, JR., BRIAN CONRAD,
KENNETH J. DIBBLE, MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER J. KROL,
EDGAR VELLOTTI,

                           Plaintiffs,

              - against -

MICHAEL J. DOYLE, as General Chairman, LOCAL
DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
and MTA METRO-NORTH RAILROAD,

                           Defendants.

DEFENDANT METRO-NORTH'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

07-CV-3940
(Pauley, J)
(Pitman, MJ)

       Defendant MTA Metro-North Commuter Railroad ("Metro-North" or "Defendant"), for its answer to the First Amended Complaint ("Complaint") herein, alleges as follows:

       1.     Admits that plaintiffs purport to assert jurisdiction under the Railway Labor Act 45 USC § 151, et seq. and pursuant to 28 U.S.C.§ 1337 and that plaintiffs purport to place venue in the Southern District in New York but otherwise deny the allegations in ¶ 1 of the Complaint.

       2.     Admits the allegations in ¶ 2 of the Complaint to the best of Defendant's knowledge except denies that Plaintiff John L. Cruise, Jr. resides at P.O. Box 683, Dover Plains, New York 12522.

       3.     Admits the allegations in ¶ 3 of the Complaint to the best of Defendant's knowledge.

       4.     Admits the allegations in ¶ 4 of the Complaint to the best of Defendant's knowledge.

5. Admits the allegations in ¶ 5 of the Complaint to the best of Defendant's knowledge except denies that Plaintiff Matthew A. Eirich resides at P.O. Box 5335, Brookfield, CT 06804.

6. Admits the allegations in ¶ 6 of the Complaint to the best of Defendant's knowledge.

7. Admits the allegations in ¶7 of the Complaint to the best of Defendant's knowledge.

8. Admits the allegations in ¶8 of the Complaint to the best of Defendant's knowledge.

9. Admits the allegations in ¶ 9 of the Complaint.

10. Admits the allegations in ¶ 10 of the Complaint.

11. Admits the allegations in ¶ 11 of the Complaint.

12. Admits that the Association of Commuter Railroad Employees ("ACRE") and Metro-North are parties to a collective bargaining agreement effective for the period January 1, 1995 through December 31, 1998. Metro-North admits that ACRE and Metro-North are parties to Memoranda of Understanding for the periods January 1, 1999 through December 31, 2002, January 1, 2003 through December 31, 2006, and January 1, 2007 through June 15, 2010, which amend and extend the effective date of the collective bargaining agreement. Metro-North denies the remaining allegations ¶ 12 of the Complaint.

13. Admits the allegations in ¶ 13 of the Complaint.

14. Admits the allegations in ¶14 of the Complaint, to the best of Defendant's knowledge.

15. Admits the allegations in ¶ 15 of the Complaint.

16. Admits that each of the Plaintiffs was employed by Metro-North in a different job classification prior to becoming a locomotive engineer.

17. Admits that Metro-North employees entering the locomotive engineer service are covered by the collective bargaining agreement between ACRE and Metro-North.

18. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 18 of the Complaint.

19. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 19 of the Complaint.

20. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 20 of the Complaint.

21. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 21 of the Complaint.

22. Denies the allegations in ¶ 22 of the Complaint.

23. Denies the allegations in ¶ 23 of the Complaint.

24. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 24 of the Complaint.

25. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 25 of the Complaint.

26. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 26 of the Complaint.

27. Admits that Rule 22 of the collective bargaining agreement between ACRE and Metro-North provides a procedure for presentation of claims regarding compensation and refers

the Court to the document for its terms. Metro-North lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in ¶ 27 of the Complaint.

28. Denies the allegations in ¶ 28 of the Complaint.

29. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 29 of the Complaint.

30. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 30 of the Complaint.

31. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 31 of the Complaint.

32. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 32 of the Complaint.

33. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 33 of the Complaint.

34. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 34 of the Complaint.

35. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 35 of the Complaint.

36. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 36 of the Complaint.

37. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 37 of the Complaint.

38. Denies the allegations in ¶ 38 of the Complaint.

39. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the Complaint.

40. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 40 of the Complaint.

41. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 41 of the Complaint.

42. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 42 of the Complaint.

43. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 43 of the Complaint.

44. Refers the Court to ACRE'S Constitution for its terms and denies the remaining allegations in ¶ 44 of the Complaint.

45. Refers the Court to ACRE'S Constitution for its terms and denies the remaining allegations in ¶ 45 of the Complaint.

46. Refers the Court to ACRE'S Constitution for its terms and denies the remaining allegations in ¶ 46 of the Complaint.

47. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 47 of the Complaint.

48. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 48 of the Complaint.

49. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 49 of the Complaint.

50. Admits that the adjustments were made and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in ¶ 50 of the Complaint.

51. Denies the truth of the allegation in ¶ 51 of the Complaint.

52. Repeats and Reaffirms the responses to the allegations in ¶¶ 1-51 of the Complaint.

53. Denies the allegations in ¶ 53 of the Complaint.

54. Denies the allegations in ¶ 54 of the Complaint.

55. Denies the allegations in ¶ 55 of the Complaint.

56. Denies the allegations in ¶ 56 of the Complaint.

57. Denies the allegations in ¶ 57 of the Complaint.

58. Denies the allegations in ¶ 58 of the Complaint.

59. Repeats and Reaffirms the responses to the allegations in ¶¶1-58 of the Complaint.

60. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in ¶ 60 of the Complaint.

61. Repeats and Reaffirms the responses to the allegations in ¶¶ 1-60 of the Complaint.

62. Denies the allegations in ¶ 62 of the Complaint.

63. Denies the allegations in ¶ 63 of the Complaint.

64. Denies the allegations in ¶ 64 of the Complaint.

65. Denies that plaintiffs are entitled to any of the relief they demand in the "Wherefore" clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

66. Plaintiffs have failed to state a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

67. Plaintiffs have failed to exhaust their administrative remedies under the collective bargaining agreement governing their employment.

THIRD AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

69. The First Amended Complaint lacks subject matter jurisdiction.

WHEREFORE, defendant Metro-North requests that this Court dismiss the complaint, award defendant its costs and attorney's fees, and grant defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 31, 2008

>                      Richard K. Bernard
>                      General Counsel, Metro-North Commuter Railroad
>                      Attorney for Defendant
>
>                      By: _____
>                           Frank Rinaldi (FR - 4958)
>                           Senior Litigation Counsel
>                           347 Madison Avenue
>                           New York, New York  10017
>                           (212) 340-2027