347 Madison Avenue
New York, NY 10017-3739
212-340-3000

Peter A. Cannito
President

**1983-2008**



## MTA Metro-North Railroad

*MEMO ENDORSED*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/2008

March 18, 2008

**BY HAND DELIVERY**
The Honorable William H. Pauley III
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

MAR 19 2008

Re: <u>Cruise v. Doyle, 07 Civ. 3960 (WHP)</u>

Dear Judge Pauley:

  In accordance with your Honor's Individual Practice Rules, <u>defendant Metro-North requests a pre-motion conference.</u> Defendants Metro-North and ACRE each intends to move, under Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss the plaintiffs' first amended complaint.

  The six remaining plaintiffs are Locomotive Engineers for defendant Metro-North and members of defendant ACRE. Michael Doyle is the General Chairman of Local 9, ACRE. During the period 2002 – 2003, plaintiffs transferred to Locomotive Engineer jobs from other crafts. Plaintiffs claim that they learned in September 2006 that employees of the engineer training classes of 2004 and forward were the beneficiaries of a new policy adjusting anniversary dates (i.e., the date of original hire) and seniority dates in the engineer craft (i.e., the date of admission into the engineer training class). As a result, the members of the classes of 2004 and forward earn somewhat more than the plaintiffs.

  Plaintiffs have brought this "hybrid" action under the Railway Labor Act, 45 U.S.C. §§ 151, <u>et seq.</u>, to adjust their hourly rates commensurately. They claim that ACRE, in collusion with Metro-North, breached its duty of fair representation and that Metro-North breached the collective-bargaining agreement.

  Metro-North will base its motion upon the following grounds:
(1) plaintiffs fail to allege a breach of the collective-bargaining agreement; and (2) plaintiffs' amended complaint is untimely.

The Honorable William H. Pauley III
Page 2 of 2
March 18, 2008

### The Complaint Fails to State a Claim

For the plaintiffs to maintain a hybrid action, they must allege that Metro-North breached the collective-bargaining agreement.  See *Abdelmesih v. Waldorf-Astoria*, 1998 U.S. Dist. LEXIS 16640 *12 – *13 (S.D.N.Y. 1998).  To state a claim, a plaintiff must identify a specific provision of the collective-bargaining agreement that the employer breached.  *Id.* at *13-*14.  Plaintiffs' amended complaint fails to identify any provision of the collective-bargaining agreement that Metro-North allegedly breached.  Because plaintiffs cannot prove their hybrid cause of action under any set of facts, the Court should dismiss the amended complaint.

### The Complaint is Untimely

The plaintiffs' claim is untimely. Plaintiffs must bring a hybrid action within six months from the date they "knew or reasonably should have known" of the union's breach of its duty of fair representation. *Sullivan v. Air Transport Local 501 TWU, American Airlines, Inc.*, 2004 U.S. Dist. LEXIS 29815 at *10 (E.D.N.Y. 2004); *see also DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 169-172 (1983).  Plaintiffs learned about the change in policy in September 2006. Plaintiffs' complaint, filed May 21, 2007, eight months after they learned of ACRE's alleged breach, was untimely, as this Court held in its Memorandum Opinion and Order of January 9, 2008. Plaintiffs' first amended complaint does not cure this defect.

Accordingly, defendant Metro-North respectfully requests a conference to discuss their motion with the Court and request a stay of discovery until the Court renders its decision on the motion.

Respectfully yours,

Frank Rinaldi (FR 4958)
Associate Counsel
Metro-North Commuter Railroad
347 Madison Avenue
New York, New York 10017
(212) 340-2027

*Application granted. This Court will hold a pre-Motion conference on April 25, 2008 at 10:30 a.m.*

*3/26/2008*

cc:  Marion M. Lim, Esq. (by fax and first-class-mail)
     Holm & O'Hara LLP
     Attorneys for Defendant ACRE

     Louie Nikolaidis, Esq.(by fax and first-class mail)
     Lewis, Clifton & Nikolaidis
     Attorneys for Plaintiffs