Exhibit A

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
JOHN L. CRUISE, JR., BRIAN CONRAD,             :
KENNETH J. DIBBLE, MATTHEW A. EIRICH,   :
MICHAEL KOLOGY, PETER J. KROL, EDGAR   :
VELLOTTI,
                                :
             Plaintiffs,       :
                                :

           - against -        :

                               :        FIRST AMENDED
                               :        COMPLAINT AND
                               :        DEMAND FOR JURY
                               :        TRIAL
                               :
MICHAEL J. DOYLE, as General Chairman, LOCAL :   07 Civ. 3940 (WHP)
DIVISION 9, LOCOMOTIVE ENGINEERS,     :
ASSOCIATION OF COMMUTER RAIL EMPLOYEES, :
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER  :
ASSOCIATION OF COMMUTER RAIL EMPLOYEES, :
and MTA METRO-NORTH RAILROAD,       :
                               :
             Defendants.     :
---------------------------------------------------------------------x

## INTRODUCTION

This is a hybrid breach of the duty of fair representation case brought pursuant to the Railway Labor Act, 45 USC § 151 et seq. by seven Locomotive Engineers against their union and employer. The Plaintiffs allege that their union, acting in concert with their employer, have conspired to discriminate against them in their terms and conditions of employment for arbitrary and illegal reasons, and that the Union breached the terms of its constitution and bylaws.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under the Railway Labor Act 45 USC § 151, et seq. and pursuant to 28 USC § 1337. Because this action alleges a breach of the duty of fair representation, it need not be submitted to an Adjustment Board pursuant to 45 USC § 153. Venue is appropriate because all defendants reside in this district, 28 U.S.C. § 139 (a).

## THE PARTIES

2.    Plaintiff John L. Cruise, Jr. is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at P.O. Box 683, Dover Plains, New York 12522.

3.    Plaintiff Brian A. Conrad is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 5 North View Lane, Hopewell Junction, New York 12533.

4.    Plaintiff Kenneth J. Dibble is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 2 McCure Court, New Milford, CT 06776.

5.    Plaintiff Matthew A. Eirich is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at P.O. Box 5335 Brookfield, CT 06804.

6.    Plaintiff Michael Kology is employed by Defendant Metro-North Railroad ("Metro-North") as a Locomotive Engineer. He is a member of Defendant Local Division 9, Locomotive Engineer Association of Commuter Rail Employees. He resides at 309 Hudson Harbour Drive, Poughkeepsie, New York 12601.

Hyde Park, New York 12538.

7.    Plaintiff Peter J. Krol is employed by Defendant Metro-North Railroad ("Metro-North")

as a Locomotive Engineer.  He is a member of Defendant Local Division 9, Locomotive

Engineer Association of Commuter Rail Employees.  He resides at 139 Fountain Street - Apt.

A8, New Haven, CT 06515.

8.    Plaintiff Edgar Vellotti is employed by Defendant Metro-North Railroad ("Metro-North")

as a Locomotive Engineer.  He is a member of Defendant Local Division 9, Locomotive

Engineer Association of Commuter Rail Employees.  He resides at 1135 Hamilton Avenue,

Waterbury, CT 06706.

9.    Defendant Michael Doyle is sued in his representational capacity as General Chairman

Local Division 9, Locomotive Engineer, Association of Commuter Rail Employees.

10.    Local Division 9, Locomotive Engineer Associates of Commuter Rail Employees

("ACRE") is party to a collective bargaining agreement with defendant MTA Metro-North

Railroad.  ACRE is a representative designated by employees employed as Locomotive

Engineers by Metro-North to act for said employees.  ACRE's principal place of business is 420

Lexington Avenue, New York, New York.  ACRE is a successor to the Brotherhood of

Locomotive Engineers ("BLE").

11.    Defendant MTA Metro-North Railroad ("Metro-North") is an operating agency of the

Metropolitan Transportation Authority, which provides commuter rail service.  Metro-North is a

"carrier" as defined by 45 USC § 151 (First). Metro-North's principal place of business is 347

Madison Avenue, New York, New York.

3

## FACTS

12.    Defendant ACRE and Defendant Metro-North are parties to a collective bargaining agreement.  The basic terms of which are set forth in an agreement dated January 1, 1995 and December 31, 1998.  There have been subsequent Memorandums of Understanding for the periods (1) January 1, 1999 through December 31, 2002; (2) January 1, 2003 through December 31, 2006; and (3) January 1, 2007 through December 31, 2010.  In addition ACRE and Metro-North have entered into a number of Agreements which are incorporated into the collective bargaining framework.

13.    Each of the Plaintiffs is employed by Defendant Metro-North in the classification of Locomotive Engineer.

14.    Each of the Plaintiffs became a Locomotive Engineer during the period 2002-2003.

15.    Each of the Plaintiffs is a member of ACRE.

16.    Each of the Plaintiffs had been employed by Metro-North in a different job classification prior to being hired as a Locomotive Engineer.

      (a)    Plaintiffs Cruise, Krol and Vellotti became part of the Locomotive Engineer Training Class dated July 28, 2003. Plaintiff Cruise's seniority date in his previous classification was November 20, 2000; Plaintiff Krol's seniority date in his previous classification was July 31, 2000; and Plaintiff Vellotti's seniority date in his previous classification was May 7, 2001.

      (b)    Plaintiffs Kology and Conrad became part of the Locomotive Engineer Training Class dated December 9, 2002.  Plaintiff Kology's seniority date in his previous classification was December 12, 1994.  Plaintiff Conrad's seniority date in his

4

previous classification was July 6, 1998.

(c)    Plaintiffs Dibble and Eirich became part of the Locomotive Engineer Class dated

May 27, 2003.  Plaintiff Dibble's seniority date in his previous classification was

February 7, 2000; Plaintiff Eirich's seniority date in his previous classification

was July 17, 2000.

17.    Under the terms of the Collective Bargaining Agreement, employees entering the

Engineer Classification are governed by Rules of the Agreement between Metro-North Railroad

and the BLE Engineers for the period January 1, 1995 to December 31, 1998.  That provision

provides:

a.    For the twelve (12) calendar months of service under this
Agreement, a Passenger Engineer (including an Apprentice
Engineer) entering training on or after December 22, 1988 will be
paid 70% of the basic hourly rate of pay for Passenger Engineers.
For the second twelve (12) calendar months of service, such
Passenger Engineers will be paid 75% of the basic hourly rate of
pay for Passenger Engineers.  For the third twelve (12) calendar
months of service, such Passenger Engineers will be paid 80% of
the basic hourly rate of pay for Passenger Engineers.  For the fourth
twelve (12) calendar month of service, such Passenger Engineers
will be paid 85% of the basic hourly rate of pay. For the fifth
twelve (12 calendar months of service Passenger Engineers will be
paid 90% of the basic hourly rate of pay.  For sixth twelve (12)
calendar months of service and thereafter such Passenger
Engineers will be paid 100% of the basic hourly rate of pay.
Former engine service employees on another railroad will be given
credit for their previous engine service employment.

18.    When workers are promoted into the Locomotive Engineer classification –

one of the most highly skilled and paid job classifications – they would receive a new

anniversary date reflecting their new status. This frequently would have the effect of delaying the

annual wage increase for workers who changed job classifications for many months.  Metro-

North job postings set a wage progression for Locomotive Engineers. For example, for the class

entering July 28, 2003 the job posting provided as follows:

Rate of Pay:
The full rate of pay is $31.95/hour. The wage progression scale is as follows:
70→75→80→85→90→100%.

The rate for employees transferring into this craft will be determined by the following:
1.       The employee's hourly rate of pay in the Locomotive Engineer's position will be the hourly step-rate of pay of the Locomotive Engineer position that most closely approximate the hourly step-rate of pay of the organizing position (current position).
2.       If the current position's hourly rate of pay falls between steps of the Locomotive Engineer's position, the employee will receive the higher step-rate. If the Locomotive Engineer's position has a lower maximum (100%) hourly rate of pay than the employee's current position, the highest hourly rate the employee will receive as a Locomotive Engineer is the 100% rate of the Locomotive Engineer position.

19.      In addition Metro-North provided that each Locomotive Engineer with a new seniority

date. The Metro-North job posting provided:

Seniority

Once accepted into the training program, an employee of any other craft or class may continue to hold his/her seniority, subject to applicable agreements of that craft or class, upon successful completion of the training program as Locomotive Engineer, such employee must relinquish seniority in all other crafts before being placed on the Locomotive Engineer's seniority roster, represented by ACRE. Locomotive Engineers starting on the same date will be ranked on the ACRE seniority roster in the order of their company service.

20.      An Agreement between Metro-North dated August 30, 1993 and the BLE provided for

Limited Seniority Protection when an employee moved from one job classification to another

Metro-North had continually applied that agreement in such a way so that employees appointed

to the Engineer Classification would relinquish their seniority date in their former classification,

and would receive a new seniority date in the Engineer Classification. This had the effect of frequently delaying the newly minted engineers' wage increases.

21.    In September 2006, five of the seven Plaintiffs learned that the Locomotive Engineers appointed in 2004 and forward, and having less experience in the Locomotive Engineer classification than Plaintiffs were permitted to keep their original anniversary date for purposes of salary and wage increases. Two of the Plaintiffs, Michael Kology and Brian Conrad did not learn of the change until late October 2006.

22.    This change in the manner in which Metro-North provided wage increments to members of the Locomotive Engineer classification, came about as a result of surreptitious dealings between Metro-North management and officers of ACRE. No other Locomotive Engineers who were still in the step rate process were permitted to keep their original anniversary dates.

23.    As a result of the surreptitious arrangements, members of the Class of 2004 and forward were frequently earning more money than Plaintiffs. Plaintiffs had trained members of the Class of 2004.

24.    Throughout the fall of 2006, Plaintiffs contacted Defendant Doyle and other ACRE officers to protest the fact that members of the Class of 2004 were being given an enhanced benefit.

25.    Defendant Doyle repeatedly reassured the Plaintiffs that they would have their seniority date adjusted. Indeed, on several occasions, he assured individual Plaintiffs that they would receive an immediate salary adjustment and in, at least one case, Defendant Doyle promised to secure retroactive pay.

26.    On November 9, 2006, all of the Plaintiffs and three other Engineers signed a grievance

("the Grievance") and mailed the Grievance by certified mail to defendant Doyle, which he signed for personally, protesting the fact that Metro-North was improperly favoring one group of employees in the Class of 2004 and forward - to the detriment of the Plaintiffs and the other grievants.

27.    Rule 22 of the Contract between Metro-North and BLE dated January 1, 1995 - December 31, 1998, has a provision for the Presentation of Claim for Compensation. Under Rule 22, "A claim for compensation may be made only by a claimant or on his behalf, by his duly accredited representative." By submitting their claim to Mr. Doyle pursuant to the November 9, 2006 letter, the grievants complied with Rule 22. Upon information and belief, ACRE never processed this Grievance.

28.    Alternatively, the Plaintiffs' grievance is governed by Rule 21 "Special Board of Adjustment" which is the Collective Bargaining Agreements' mechanism for adjusting disputes, and is consistent with the requirements set forth at 45 U.S.C. § 155.

29.    ACRE possesses no formal forms which would permit its members to file a grievance.

30.    Prior to filing the November 9, 2006 grievance, Plaintiffs were given repeated assurances by Mr. Doyle and ACRE officers that there would be adjustments to their rate of pay, and that Metro-North would make the adjustment. In addition, Defendant Doyle told Plaintiffs that their original anniversary date for time served with company will now be honored by Metro-North and that retroactive pay will be done on an individual basis.

31.    As a result of Defendant Doyle's receipt of the November 9, 2006 grievance, Defendant Doyle and other ACRE officers engaged in a pattern and practice of harassing Plaintiffs including calling their families and threatening their employment, taking steps to distract

8

Plaintiffs during periods where they are operating their trains.

32.     In response to the filing of the November 9, 2006 grievance, on or about November 17, 2006 Defendant Doyle called the parents of Plaintiffs Dibble and criticized the Plaintiffs for filing the Grievance.

33.     In addition, Defendant Doyle called the father of Plaintiff Cruise in response to the November 9, 2006 Grievance and stated, in words or effect "this is not how we do things around here, someone could get hurt over this!"

34.     Defendant Doyle also called Plaintiff Cruise on November 15 and 16 to berate him for sending the Grievance in written form via certified mail.

35.     On or about November 20, 2006, which is John Cruise's original anniversary date, Defendant Doyle called Plaintiff Cruise, and said he spoke to Audrey Stevens, Supervisor of Defendant Metro-North's payroll department and told her to make the changes to Mr. Cruise's wages. In fact, Mr. Doyle stated the changes had been made. Defendant Doyle lied to the Plaintiff.

36.     On November 26, 2006, in a telephone conversation, Defendant Doyle demanded the grievants send a letter of apology for filing the November 9 Grievance.

37.     On December 4, 2006, Plaintiff Cruise called Defendant Doyle and informed him that no letter would be forthcoming. Defendant Doyle told Plaintiff Cruise that the Grievance is now up the ACRE general committee.

38.     If the grievance was filed by Defendant ACRE on behalf of the plaintiffs, Metro-North never responded to the grievance.

39.     On December 11, 2006, Defendant Doyle announced at an ACRE meeting that the

Plaintiffs would not receive anything.

40.    On December 13, 2006, Plaintiff Cruise learned from Audrey Stevens that Defendant Doyle had called her. Ms. Stevens told Plaintiff Cruise in words or effect: "Mike Doyle says your dates are not to be touched."

41.    On April 17, 2007, Defendant Doyle harassed Plaintiff Eirich while he operated a Metro-North train during his yearly qualification run with Road Foreman Artie Smith.

42.    On April 27, 2007, Defendant Doyle berated Peter Krol in front of passengers and crew prior to running his train. Defendant Doyle continued to harass Mr. Krol even after Mr. Krol closed his cab door. He then followed Krol after arrival in Grand Central Terminal yelling, "you guys are not going to get a thing."

43.    ACRE's general committee still did not contact Plaintiffs.

44.    Defendant ACRE's constitution sets forth the following Member Bill of Rights which provide in pertinent part:

Each Member of the Association of Commuter Rail Employees shall have the right to :

****

A copy of the contract and all letters of understanding covering the member.

****

Fully (sic) informed about the progress of any grievance or other union action that directly affects the member.

45.    Article XI of the ACRE constitution provides:

Members of the Association of Commuter Rail Employees grant complete authority to ACRE to act in their behalf in handling of any and all grievances against their employer.

10

No member or officer shall resort to the civil courts for redress of any grievance until all avenues provided by their Local Division Bylaws and this Constitution have been exhausted.

Plaintiffs were precluded from processing their grievance on their own behalf and were therefore precluded from bringing suit until the appeal process concluded.

46.    Article X of the Bylaws of the Association of Commuter Rail Employees, Local Division 9, Locomotive Engineers contain an Appeals Provisions ("Bylaws").

47.    On April 7, 2006, counsel for the Plaintiffs, pursuant to Article X of the By-laws of the Association of Commuter Rail Employees, Local Division 9, Locomotive Engineers, filed an appeal regarding Defendant ACRE's failure to process the Plaintiffs' Grievance concerning their appropriate seniority dates and their appropriate rates of pay.

48.    There was no official response from ACRE or its officers to this letter.

49.    Subsequently on May 1, 2007, counsel for ACRE informed Plaintiffs' counsel that certain Plaintiffs could expect to have adjustments to their salaries accelerated.

50.    These adjustments were in fact imposed, but made without the approval or consent of the Plaintiffs, and fall far short of the adjustments Plaintiffs are entitled to.

51.    Plaintiffs in comparison to the Class of 2004, and subsequent classes continue to suffer in their terms and conditions of employment.

## AS AND FOR A FIRST CAUSE OF ACTION

52.    Plaintiffs repeat and reallege the allegations of paragraphs 1-51.

53.    Defendant Metro-North violated the terms of the Collective Bargaining Agreement by altering the wage of the Class of 2004. Defendant ACRE in conjunction with Defendant Metro-North acted in concert to discriminate against Plaintiffs.

11

54.    Metro-North has violated its contractual obligation to assign seniority dates to members of the Locomotive Engineer classification upon their becoming members of the Locomotive Engineers classification, and has permitted the members of the Class of 2004 and subsequent classes to receive a benefit that was not offered to the Plaintiffs.

55.    Defendant ACRE has purposely discriminated against the Plaintiffs by assisting the members of Class of 2004 in keeping their former seniority dates and permitted the Class of 2004 and subsequent classes to receive accelerated salary increases to their detriment.

56.    Actions of Defendant ACRE were made for arbitrary and discriminatory reasons and constitute a breach of the duty of fair representation.

57.    Plaintiffs' salary progression should be accelerated in accordance with their previous classification dates, and they should be compensated for the delay in receiving the appropriate salary progression.

58.    No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

59.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-58.

60.    By refusing to process the Plaintiffs' Grievance, by submitting the Plaintiffs to harassing phone calls, and interfering with their duties at work, Defendant ACRE treated the Plaintiffs' Grievance in an arbitrary and capricious manner and breached its duty of fair representation to the Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION

61.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1-60.

62.    By entering into surreptitious arrangement concerning the Class of 2004 and forward, and

12

keeping the arrangement secret, Defendant ACRE breached the terms of its Constitution.

63.    By failing to inform the Plaintiffs of the status of their Grievance, and other Union

actions, Defendant ACRE breached the terms of its Constitution. The ACRE Constitution and

Bylaws constitutes a contract with its membership.

64.    In breaching the terms of its constitution, Defendant ACRE failed to act in good faith and

breached its duty of fair representation, and breached its contract with the ACRE membership.

WHEREFORE, Plaintiffs demand judgment and joint and several liability against

defendants Metro-North and ACRE for:

A.    Back pay and benefits in an amount to be determined by the Court;

B.    An adjustment of their seniority dates to reflect the seniority dates of Plaintiffs'

previous classification;

C.    All reasonable attorneys' fees and the cost of this action and,

D.    All such other and further relief that the Court may deem reasonable.

Dated: January 22, 2008

BROACH & STULBERG, LLP

By:_____

Ira Cure (IC 7121)
BROACH & STULBERG, LLP
One Penn Plaza
Suite 2016
New York, New York 10119
Tel. (212 ) 268-1000

13

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38 (b) of

the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

Dated:   January 2⁴, 2008

BROACH & STULBERG, LLP

By: _____
        IRA CURE (IC 7121)
Attorneys for Plaintiffs
One Penn Plaza, Suite 2016
New York, New York 10119
(212) 268-1000

14

Index No.                                      Year

UNITED STATES DISTRICT COURT
*THE SOUTHERN DISTRICT OF NEW YORK*

JOHN L. CRUISE, JR., BRIAN CONRAD, KENNETH J. DIBBLE, MATTHEW A. EIRICH, MICHAEL KOLOGY, PETER J. KROL, EDGAR VELLOTTI,

*Plaintiffs,*

- against -

MICHAEL J. DOYLE, as General Chairman, LOCAL DIVISION 9, LOCOMOTIVE ENGINEERS, ASSOCIATION OF COMMUTER RAIL EMPLOYEES, LOCAL DIVISION 9

*Defendants.*

---

*FIRST AMENDED COMPLAINT*
*AND DEMAND FOR JURY TRIAL*

---

Signature (Rule 130-1.1-a)

*Ira Cure, Esq.*

Print name beneath

**BROACH & STULBERG, LLP**

*Attorneys for*
*Plaintiffs*
*Office and Post Office Address, Telephone*
ONE PENN PLAZA
SUITE 2016
NEW YORK, NY 10119
(212) 268-1000

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1500 – **Blumberg**Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**BROACH & STULBERG, LLP**

*Attorneys for*
*Office and Post Office Address*
ONE PENN PLAZA
SUITE 2016
NEW YORK, NY 10119

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at

on

at             M.

Dated,

Yours, etc.

**BROACH & STULBERG, LLP**

*Attorneys for*
*Office and Post Office Address*
ONE PENN PLAZA
SUITE 2016
NEW YORK, NY 10119

To

Attorney(s) for