Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN L. CRUISE, JR., BRIAN CONRAD,
KENNETH J. DIBBLE, MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER J. KROL,
EDGAR VELLOTTI,

                      Plaintiffs,

- against -

MICHAEL J. DOYLE, as General Chairman, LOCAL
DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
and MTA METRO-NORTH RAILROAD,

                      Defendants.
------------------------------------------------------------x

**DEFENDANT ACRE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

07-CV-3940
(Pauley, J)
(Pitman, MJ)

       Defendants Michael F. Doyle (sued herein as Michael J. Doyle), as General Chairman of Local Division 9, Association of Commuter Rail Employees, and the Association of Commuter Rail Employees ("ACRE") (collectively hereinafter "UNION"), by their attorneys, Holm & O'Hara LLP, hereby answer the Plaintiffs' First Amended Complaint as follows:

### JURISDICTION AND VENUE

       1.    Defendant UNION admits jurisdiction under the Railway Labor Act, 45 U.S.C. § 151, et seq., and 28 U.S.C. § 1337, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph "1."

### THE PARTIES

       2.    Defendant UNION admits the allegations in paragraph "2," except denies that Plaintiff John L. Cruise, Jr. resides at P.O. Box 683, Dover Plains, New York 12522.

       3.    Defendant UNION admits the allegations in paragraph "3."

4. Defendant UNION admits the allegations in paragraph "4."

5. Defendant UNION admits the allegations in paragraph "5," except denies that Plaintiff Matthew A. Eirich resides at P.O. Box 5335, Brookfield, CT 06804.

6. Defendant UNION admits the allegations in paragraph "6."

7. Defendant UNION admits the allegations in paragraph "7."

8. Defendant UNION admits the allegations in paragraph "8."

9. Defendant UNION admits the allegations in paragraph "9."

10. Defendant UNION admits the allegations in paragraph "10."

11. Defendant UNION admits the allegations in paragraph "11."

## FACTS

12. Defendant UNION admits that ACRE and MTA Metro-North Railroad ("METRO-NORTH") are parties to a collective bargaining agreement effective for the period January 1, 1995 through December 31, 1998. Defendant UNION admits that ACRE and METRO-NORTH are parties to Memoranda of Understanding for the periods January 1, 1999 through December 31, 2002, January 1, 2003 through December 31, 2006, and January 1, 2007 through June 15, 2010, which amend and extend the effective date of the collective bargaining agreement. Defendant UNION denies the remaining allegations in paragraph "12."

13. Defendant UNION admits the allegations in paragraph "13."

14. Defendant UNION denies the allegations in paragraph "14."

15. Defendant UNION admits the allegations in paragraph "15."

16. Defendant UNION admits that each of the Plaintiffs was employed by METRO-NORTH in a different job classification prior to becoming a locomotive engineer. Defendant UNION admits that Plaintiffs Cruise, Krol and Vellotti entered locomotive engineer service on

July 28, 2003. Defendant UNION admits that Plaintiffs Kology and Conrad entered locomotive engineer service on December 9, 2002. Defendant UNION admits that Plaintiffs Dibble and Eirich entered locomotive engineer service on May 27, 2003. Defendant UNION denies and knowledge and information sufficient to form a belief as to the remaining allegations in paragraph "16."

17. Defendant UNION admits that Metro-North employees entering the locomotive engineer service are covered by the collective bargaining agreement between ACRE and METRO-NORTH and refers the Court to the document for its terms. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph "17."

18. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "18."

19. Defendant UNION denies the allegations in paragraph "19."

20. Defendant UNION denies the allegations in paragraph "20."

21. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "21."

22. Defendant UNION denies the allegations in paragraph "22."

23. Defendant UNION denies the allegations in paragraph "23."

24. Defendant UNION denies the allegations in paragraph "24."

25. Defendant UNION denies the allegations in paragraph "25."

26. Defendant UNION denies the allegations in paragraph "26."

27. Defendant UNION admits that Rule 22 of the collective bargaining agreement provides a procedure for presentation of claims regarding compensation and refers the Court to

the document for its terms. Defendant UNION denies the remaining allegations in paragraph "27."

28. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "28."

29. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "29."

30. Defendant UNION denies the allegations in paragraph "30."

31. Defendant UNION denies the allegations in paragraph "31."

32. Defendant UNION denies the allegations in paragraph "32."

33. Defendant UNION denies the allegations in paragraph "33."

34. Defendant UNION denies the allegations in paragraph "34."

35. Defendant UNION denies the allegations in paragraph "35."

36. Defendant UNION denies the allegations in paragraph "36."

37. Defendant UNION denies the allegations in paragraph "37."

38. Defendant UNION denies the allegations in paragraph "38."

39. Defendant UNION denies the allegations in paragraph "39."

40. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "40."

41. Defendant UNION denies the allegations in paragraph "41."

42. Defendant UNION denies the allegations in paragraph "42."

43. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "43."

44. Defendant UNION refers the Court to ACRE'S Constitution for its terms and

denies the remaining allegations in paragraph "44."

45. Defendant UNION refers the Court to ACRE'S Constitution for its terms and denies the remaining allegations in paragraph "45."

46. Defendant UNION admits the allegations in paragraph "46."

47. Defendant UNION denies the allegations in paragraph "47."

48. Defendant UNION denies the allegations in paragraph "48."

49. Defendant UNION admits the allegations in paragraph "49."

50. Defendant UNION admits that the adjustments were made and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph "50."

51. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "51."

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

52. Defendant UNION repeats and realleges the responses to paragraphs "1" through "51" of the Plaintiffs' First Amended Complaint.

53. Defendant UNION denies the allegations in paragraph "53."

54. Defendant UNION denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "54."

55. Defendant UNION denies the allegations in paragraph "55."

56. Defendant UNION denies the allegations in paragraph "56."

57. Defendant UNION denies the allegations in paragraph "57."

58. Defendant UNION denies the allegations in paragraph "58."

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

59. Defendant UNION repeats and realleges the responses to paragraphs "1" through "58" of the Plaintiffs' First Amended Complaint.

60. Defendant UNION denies the allegations in paragraph "60."

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

61. Defendant UNION repeats and realleges the responses to paragraphs "1" through "60" of the Plaintiffs' First Amended Complaint.

62. Defendant UNION denies the allegations in paragraph "62."

63. Defendant UNION denies the allegations in paragraph "63."

64. Defendant UNION denies the allegations in paragraph "64."

## AS AND FOR THE UNION'S FIRST AFFIRMATIVE DEFENSE

65. The First Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR THE UNION'S SECOND AFFIRMATIVE DEFENSE

66. The First Amended Complaint is barred in whole or in part by the applicable statute of limitations and the law of the case.

## AS AND FOR THE UNION'S THIRD AFFIRMATIVE DEFENSE

67. The First Amended Complaint lacks subject matter jurisdiction.

## AS AND FOR THE UNION'S FOURTH AFFIRMATIVE DEFENSE

68. Plaintiffs failed to exhaust their administrative remedies.

## AS AND FOR THE UNION'S FIFTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred by the doctrine of laches.

WHEREFORE, Defendant UNION, respectfully demands judgment dismissing the First Amended Complaint against them entirely, and further respectfully demands judgment awarding Defendant UNION, fees, costs and disbursements, and such other relief as the Court may deem just and proper.

Dated: New York, New York

February 4, 2008

>HOLM & O'HARA LLP
>*Attorneys for Defendants*
>*Michael F. Doyle, sued herein as Michael J. Doyle, as General Chairman, Local Division 9, Locomotive Engineers, and Association of Commuter Rail Employees*
>
>By: [signature redacted]
>Vincent F. O'Hara
>Marion M. Lim
>3 West 35th Street, 9th Floor
>New York, New York 10001
>(212) 682-2280

TO: Ira Cure, Esq.
BROACH & STULBERG, LLP
*Attorneys for Plaintiffs*
*John L. Cruise, Jr., Brian Conrad, Kenneth J. Dibble, Matthew A. Eirich, Michael Kology, Peter J. Krol, and Edgar Vellotti*
One Penn Plaza, Suite 2016
New York, New York 10119
(212) 268-1000

L:\VFO\ACRE\4422\4422.001\Pleadings\Answer.doc