UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN L. CRUISE, JR., BRIAN CONRAD,
MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER J. KROL,
EDGAR VELLOTTI,

      Plaintiffs,

   - against -        07-CV-3940
               (Pauley, J)
               (Pitman, MJ)

MICHAEL J. DOYLE, as General Chairman, LOCAL
DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
and MTA METRO-NORTH RAILROAD,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


DEFENDANT METRO-NORTH'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR A JUDGMENT
<u>ON THE PLEADINGS DISMISSING PLAINTIFFS' AMENDED COMPLAINT</u>


         RICHARD K. BERNARD, ESQ.
         GENERAL COUNSEL
         METRO-NORTH COMMUTER RAILROAD
         By: Frank Rinaldi, Esq.
         Attorneys for Defendant Metro-North Railroad
         347 Madison Avenue
         New York, NY 10017
         (212) 340-2027

1

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………………….3

Preliminary Statement……………………………………………………………………..5

Statement of Facts…………………………………………………………………………5

Argument…………………………………………………………………………………..8

Point I……………………………………………………………………………………..

      Plaintiffs' Amended Complaint is Barred by the Statute of Limitations..………………8

Point II…………………………………………………………………………………….

      Plaintiffs' Amended Complaint Does Not Allege a Breach of the Collective Bargaining Agreement……………………………………………………………….10

Conclusion  ………………………………………………………………………………11

# **TABLE OF AUTHORITIES**

## CASES

Page

Abdelmesih v. Waldorf Astoria, 1995 U.S. Dist. LEXIS 6407 (S.D.N.Y. 1995)...........10

Bell Atlantic v. Twombly, __U.S.__, 127 S.Ct.1955(2007).....................................8

Chambers v. Time Warner, Inc., 282 F. 3d. 147 (2d Cir. 2002)........................................6,8

Cohen v. Flushing Hosp. & Med. Ctr., 68 F. 3d. 64 (2d Cir. 1995)............................9

Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1957)..................8

Demchik v. General Motors Corp., 821 F2d. 102 (2d Cir. 1987).............................9

Flanigan v. International Brotherhood of Teamsters, 942 F. 2d. 824 (2d Cir. 1991)........9

Harrison v. Harlem Hospital, 2007 U.S. Dist. LEXIS 71908 (S.D.N.Y. 2007) ................6,8

Irish Lesbian and Gay Org. v. Giuliani, 143 F. 3d. 638 (2d Cir. 1998)........................8

Juster Associates v. Rutland, 901 F.2d. 266 (2d Cir. 1990).....................................8

King v. New York Telephone Co., Inc., 785 F.2d. 31 (2d Cir. 1986)........................9

Santos v. District Council of New York City, 619 F.2d. 963 (2d Cir.1980)..................9

Spellacy v. Airline Pilots Ass'n Int'l, 156 F. 2d. 120 (2d Cir. 1998).......................10

Wallace v. Seacrest Linen, 2006 U.S. Dist. LEXIS 53683 (S.D.N.Y. 2006).................9

Welyczko v. U.S. Air, Inc., 733 F. 2d. 239 (2d Cir. 1984).........................................9

Wright v. Giuliani, 200 WL 777940 *4 (S.D.N.Y. June 14, 2000)...........................8

## STATUTES

|  | Page |
|---|---|
| 29 U.S.C. § 160 (b) | 8 |
| 29 U.S.C. §185 (a) | 8 |
| 45 U.S.C. § 151 | 5 |
| 45 U.S.C. §152 | 5 |
| Fed. R. Civ. P. 12(c) | 5,8 |
| Fed. R. Civ. P. 12(b) (6) | 8 |

## PRELIMINARY STATEMENT

Because Plaintiffs' Amended Complaint (the "Amended Complaint") fails to state a claim, defendant MTA Metro-North Railroad ("Metro-North") respectfully submits this memorandum of law in support of its motion under Rule 12 (c) for a judgment on the pleadings. FED. R. CIV. P. 12(c).

Plaintiffs John L. Cruise, Jr., Brian Conrad, Matthew A. Eirich, Michael Kology, Peter J. Krol, and Edgar Vellotti (collectively "Plaintiffs") filed the Amended Complaint after this Court, by Memorandum Decision and Order dated January 9, 2008, dismissed their initial complaint as barred by the applicable statute of limitations.

Plaintiffs again allege a hybrid claim under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., that is, a two-part claim that: (1) their union, the Association of Commuter Rail Employees ("ACRE"), breached its duty of fair representation; and (2) their employer, Metro-North, breached the collective bargaining agreement covering the "rates of pay, rules and working conditions" of their employment. 45 U.S.C. §§ 151 a(4), 152 First, 152 Sixth.

Metro-North shows that it is entitled to a judgment on the pleadings because: (1) the claim is, again, untimely; and (2) the Amended Complaint does not allege that Metro-North violated a specific provision of the ACRE collective-bargaining agreement ("CBA").

## STATEMENT OF FACTS

Each of the Plaintiffs is a member of ACRE and an employee of Metro-North. See Amended Complaint ¶¶ 2-8. ACRE is a representative organization authorized to act on behalf of its members. Id. at ¶ 10. Metro-North, a subsidiary agency of the Metropolitan Transportation Authority, provides commuter rail service. Id. at ¶ 11. Plaintiffs' employment is

5

governed by the ACRE CBA. Id. at ¶¶ 12-15. Since the Amended Complaint refers to the CBA, the Court may consider it on a motion for a judgment on the pleadings See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Harrison v. Harlem Hospital, 2007 U.S. Dist. LEXIS 71908, at *4 (S.D.N.Y., Sept. 28, 2007).

Under the ACRE CBA, as Metro-North had applied it until 2004, for the first six years, new locomotive engineers receive wages in "step-rate" progression. See Amended Complaint ¶¶ 17-21. Employees begin the step rate progression at seventy percent (70%) in year one (1) and reach one hundred percent (100%) in year six (6), receiving a five-percent (5%) increase (that is, 5% of the applicable full hourly rate of pay), annually, upon their date of hire (also called the "seniority date") for the first five (5) years, with a final increase of ten percent (10%) in the sixth (6th) year, which brings them to the full wage rate. See CBA, Rule 3, pp. 3-4. (Attached as Exhibit 2 to the Plaintiffs' Opposition to the Defendants' Joint Motion to Dismiss the Complaint ("Plaintiffs' Opposition"))

When incumbent employees transfer into the locomotive-engineer craft ("craft transfer"), the new hourly rate is the step rate that most closely approximates the hourly step rate they received in their former craft. See Amended Complaint ¶ 18. Where the former craft's hourly step rate falls between two step rates in the engineer's craft, the employee receives the engineer's next highest step rate above the former craft's step rate. Id. at 18. Upon an employee's completion of engineer training, the employee's seniority date changes from the hire date to the transfer date. Id. at ¶ 19. The application of the hire-date seniority date to engineer trainees would often delay for many months annual increases for the trainees. Id. at ¶ 18.

In 2004, ACRE and Metro-North agreed, beginning with the 2004 locomotive engineers' training class, to make the seniority date in the new craft the same as the hire date in the old craft. This change encouraged skilled incumbent workers to change craft to locomotive-engineer and ensured that no engineer trainee would work longer than twelve months without a pay increase. See Amended Complaint ¶ 21. This is the change that Plaintiffs complain about in this action. Id.

The ACRE CBA contains a claim provision: Any locomotive-engineer with a "claim for compensation" must file a claim in accordance with Rule 22 of the CBA. See Rule 22, pp. 25 – 28. (Attached as Ex. 6 to the Plaintiffs' Opposition) Rule 22 requires that a "claimant, or his representative" file a claim with a Metro-North officer within sixty (60) days from the date of the alleged underpayment. Id.

Plaintiffs allege that in September 2006, they learned that junior engineers received a higher pay rate. See Amended Complaint ¶ 21. But the Amended Complaint does not allege that they filed a claim under Rule 22. See Id. at ¶¶ 1 – 39. Rather, "throughout the fall of 2006" and into 2007, Plaintiffs allege conversations and communications with ACRE regarding their "grievance," but they do not allege any communication with Metro-North or any communication between ACRE and Metro-North concerning their "grievance." Id. at ¶ 24.

## ARGUMENT

## STANDARD FOR A JUDGMENT ON THE PLEADINGS

A party is entitled to a judgment on the pleadings when it has established, by appropriate motion, that no material issue of fact remains to be resolved and that it is entitled to a judgment as a matter of law. Juster Associates v. Rutland, 901 F.2d. 266, 269 (2d. Cir. 1990). The test for evaluating a Fed. R. Civ. P. 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Irish Lesbian and Gay Org. v. Giuliani, 143 F. 3d 638, 644 (2d Cir. 1998). Therefore, to defeat a properly supported motion, the complaint must plead sufficient facts to state a claim with "plausible grounds" for relief. Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct 1955 at 1965 (2007). Although obligated by this standard to accept all material facts in the complaint as true and draw all reasonable inferences in the Plaintiffs' favor, the Court may consider any documents attached to the complaint, any documents alleged or referenced in the complaint, and any matters of judicial notice. See Chambers, 282 F.3d at 152-53; see also Harrison, 2007 U.S. Dist. LEXIS 71908, at *4. However, if plaintiff fails to plead even the basic elements of a claim, dismissal is proper. Wright v. Giuliani, 2000 U.S. Dist. Lexis 8322 (S.D.N.Y. June 14, 2000.)

## POINT I

## PLAINTIFFS' COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for a hybrid claim, whether under the Labor Management Relations Act or the RLA is, is six months. See Del Costello v. Int'l Bhd of Teamsters, 462 U.S. 151, 172 (1982) (applying six-month period of §10(b), 29 U.S.C. §160(b), to a hybrid action under §301 of the Labor Management Relations Act, 29 U.S.C. § 185 (a));

8

Welyczko v. U.S. Air, Inc., 733 F.2d 239, 240 (2d Cir. 1984) (analogizing § 301 hybrid claims to RLA hybrid claims).

The limitations period for a hybrid claim when "plaintiff knows or reasonably should know that the union has breached its duty of fair representation." Flanigan v. Int'l Bhd. Of Teamsters, 942 F.2d 824 at 827 (2d Cir. 1991). Plaintiffs' actual or constructive knowledge of the union's breach of its duty of fair representation triggers the limitations period. See Id., 942 F. 2d. at 828-829; see also, Demchik v. General Motors Corp., 821 F.2d 102, 105 (2d Cir. 1987) (holding that the statute of limitations does not begin to accrue when employee is notified of final adverse determination with respect to a grievance, but rather begins when there is actual or imputed knowledge that the union breached its duty of fair representation), citing King v. New York Telephone Co., Inc., 785 F.2d 31 at 34 (2d Cir.1986).

Acknowledging that they learned in September 2006 of the 2004 change in seniority dates for engineer trainees, See Amended Complaint ¶21, Plaintiffs did not file their complaint until May 21, 2007. They attempt to excuse their tardiness by alleging that, "[t]hroughout the fall of 2006," they orally complained to ACRE's officers and that ACRE "repeatedly reassured" and "promised" Plaintiffs relief during the fall of 2006. Id., at ¶24. These representations do not toll the statute of limitations. See Santos v. District Council of New York City, 619 F.2d 963 at 969 (2d Cir. 1980) (ruling that the statute beings to run when plaintiff "knew or reasonably should have known" that a breach occurred, "even if some possibility of nonjudicial enforcement remained"); see also Wallace v. Seacrest Linen, 2006 U.S. Dist. LEXIS 53683 at *24 (S.D.N.Y. August 2, 2006) ("Suits filed after this six-month limit are time-barred, even if the union has been unresponsive to the plaintiff or the plaintiff holds out hopes for future representation," citing Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 68 (2d Cir. 1995)). In

their Amended Complaint, Plaintiffs have not alleged that Metro-North engaged in any conduct that would toll the statute and require this Court to revisit its earlier decision.

Therefore, this Court should dismiss the Amended Complaint as untimely.

## POINT II

### PLAINTIFFS' COMPLAINT DOES NOT ALLEGE A BREACH OF COLLECTIVE BARGAINING AGREEMENT

Plaintiffs' Amended Complaint also fails on the merits. To maintain a hybrid action, Plaintiffs must allege, in addition to alleging that ACRE breached its duty of fair representation, that Metro-North breached a provision of the CBA. See Abdelmesih, 1998 U.S. Dist. LEXIS 16640 at *12 – *14. But the Amended Complaint does not identify any CBA provision that Metro-North allegedly breached. To the contrary, instead of complaining about a breach that worked to their detriment, Plaintiffs complain about a prospective change in practice that immediately worked to the benefit of some, but not all, members of their bargaining unit--a change that will, in the future, work to the benefit of all new members of the unit. A breach is different from a change.

Plaintiffs' description of Metro-North's and ACRE's agreement to change the practice as "surreptitious," See Amended Complaint ¶62, does not make the agreement a breach of the CBA. Even if Metro-North and ACRE colluded, and even if they colluded "surreptitiously," their collusion was not unlawful, since they did not collude to accomplish either ACRE's breach of its duty of fair representation or Metro-North's breach of the CBA, both of which are necessary elements of Plaintiffs' hybrid claim. See, Spellacy v. Airline Pilots Ass'n Int'l, 156 F.2d 120,126 (2d. Cir. 1998).

Because the Amended Complaint does not allege that Metro-North breached the CBA, it does not state a claim. Therefore, the Court should dismiss the Amended Complaint.

## CONCLUSION

Plaintiffs' Amended Complaint fails for two reasons: it is untimely; and it fails to state a claim. This Court should grant Metro-North's motion for a judgment on the pleadings and dismiss the Amended Complaint with prejudice.

Dated: New York, New York
       May 23, 2008

                                        Respectfully submitted,

                                        RICHARD K. BERNARD,
                                        Vice President and General Counsel
                                        *Attorneys for Defendant MTA Metro-North*

                                        By: _____
                                            Frank Rinaldi
                                            347 Madison Avenue
                                            New York, New York 10017
                                            (212) 340-2027

TO:   Louis Nikolidis, Esq.
      Lewis, Clifton & Nikolaidis, P.C.
      *Attorneys for Plaintiffs*
      *John L. Cruise, Jr., Brian Conrad,*
      *Matthew A. Eirich, Michael Kology, Peter J. Krol,*
      *and Edgar Vellotti*
      275 Seventh Ave., Suite 2300
      NY, NY 10001
      (212) 419-1500