UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN L. CRUISE, JR., BRIAN CONRAD,
KENNETH J. DIBBLE, MATTHEW A. EIRICH,
MICHAEL KOLOGY, PETER J. KROL,
EDGAR VELLOTTI,

                      Plaintiffs,

            - against -

MICHAEL J. DOYLE, as General Chairman, LOCAL
DIVISION 9, LOCOMOTIVE ENGINEERS,
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
LOCAL DIVISION 9, LOCOMOTIVE ENGINEER
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
and MTA METRO-NORTH RAILROAD,

                      Defendants.

07-CV-3940
(Pauley, J)
(Pitman, MJ)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT ACRE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)

HOLM & O'HARA LLP
*Attorneys for Defendants
Michael F. Doyle, sued herein as
Michael J. Doyle, as General Chairman,
Local Division 9, Locomotive Engineers,
and Association of Commuter Rail
Employees*
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT ............................................... 1

ARGUMENT ............................................................... 2

    I.    ACRE IS ENTITLED TO JUDGMENT BECAUSE PLAINTIFFS FAIL TO SHOW THAT ACRE'S ACTIONS VIOLATED THE DUTY OF FAIR REPRESENTATION .......... 2

        A. Plaintiffs received the benefit of the 1993 Letter Agreement ........ 2

        B. ACRE processed the Plaintiffs' November 9, 2006 letter fairly and obtained accelerated pay increases for Plaintiffs ......... 3

    II.    PLAINTIFFS' CLAIMS MUST BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS ............... 4

        A. Plaintiffs' first cause of action was previously dismissed by Order of this Court ............................. 4

        B. Plaintiffs are not entitled to a defense of tolling the statute of limitations .................................. 5

            i. Plaintiffs fail to show that ACRE concealed their cause of action ........................ 6

            ii. Plaintiffs were not diligent in pursuing their claim ......... 7

    III.    ACRE IS ENTITLED TO JUDGMENT BECAUSE PLAINTIFFS FAIL TO SHOW THAT ACRE BREACHED THE CONSTITUTION ............................. 8

CONCLUSION ............................................................ 10

## TABLE OF AUTHORITIES

**U.S. SUPREME COURT CASES**

Bailey v. Glover,
88 U.S. 342 (1874) .................................................. 6

Del Costello v. Int'l Bhd. of Teamsters,
462 U.S. 151 (1983) ................................................. 4

**U.S. CIRCUIT COURT OF APPEALS CASES**

Buttry v. General Signal Corp.,
68 F.3d 1488 (2d Cir. 1995) .......................................... 7

Cohen v. Flushing Hosp. & Med. Ctr.,
68 F.3d 64 (2d Cir. 1995) ............................................ 8

Demchik v. General Motors Corp.,
821 F.2d 102 (2d Cir. 1986) .......................................... 6

Flanigan v. Int'l Bhd. of Teamsters, Local No. 671,
942 F.2d 824 (2d Cir. 1991) .......................................... 7

Legutko v. Local 816, Int'l Bhd. of Teamsters,
853 F.2d 1046 (2d Cir. 1988) ......................................... 8

New York v. Hendrickson Bros., Inc.,
840 F.2d 1065 (2d Cir. 1988) ......................................... 5

Overall v. Estate of L.H.P. Klotz,
52 F.3d 398 (2d Cir. 1995) ........................................... 7

**U.S. DISTRICT COURT CASES**

Schermerhorn v. James,
1997 U.S. Dist. LEXIS 17139 (S.D.N.Y. 1997) ....................... 6, 7

**RULES & SECONDARY SOURCES**

FED R. CIV. P. 12(c) ................................................. 1

MOORE'S FEDERAL PRACTICE ¶ 30.30[1], [3](a) (2008) ................... 5

Local Rules of the Eastern and Southern Districts of New York, Rule 6.3 ............ 5

## PRELIMINARY STATEMENT

Defendants Michael F. Doyle (sued herein as Michael J. Doyle), as General Chairman of the Local Division 9, Locomotive Engineers, Association of Commuter Rail Employees ("DOYLE") and the Association of Commuter Rail Employees ("ACRE") (collectively "ACRE") respectfully submit this reply memorandum of law in further support of their motion for judgment on the pleadings pursuant to the Federal Rules of Civil Procedure Rule 12(c). See FED. R. CIV. P. 12(c).

Plaintiffs John L. Cruise, Jr., Brian Conrad, Matthew A. Eirich, Michael Kology, Peter J. Krol, and Edgar Vellotti's (collectively "PLAINTIFFS") duty of fair representation claims must be dismissed because they fail to allege a breach of any contract provision, did not file a proper Rule 22 grievance, and cannot show that ACRE processed the issues they raised in the fall of 2006 in a discriminatory, arbitrary, or bad faith manner. PLAINTIFFS' Amended First Cause of Action must be dismissed as barred by the statute of limitations and the law of the case doctrine. PLAINTIFFS fail to allege facts to plausibly show that ACRE owed a duty under the Constitution to PLAINTIFFS and that ACRE breached that duty. Therefore, ACRE'S motion for judgment on the pleadings pursuant to Rule 12(c) should be granted and the PLAINTIFFS' Amended Complaint dismissed in its entirety.

## ARGUMENT

## POINT I

## ACRE IS ENTITLED TO JUDGMENT BECAUSE PLAINTIFFS FAIL TO SHOW THAT ACRE'S ACTIONS VIOLATED THE DUTY OF FAIR REPRESENTATION

### A. Plaintiffs received the benefit of the 1993 Letter Agreement

After attempting to introduce the 1993 Letter Agreement in Plaintiffs' December 3, 2007 Opposition to Defendant's Joint F.R.C.P. 12(b)(6) Motion to Dismiss, the Court was precluded from considering the document in ruling on that 12(b)(6) motion. (Lim Decl., Exhibit I, January 9, 2008 Order). Granted leave to replead, PLAINTIFFS mention the 1993 Letter Agreement in the Amended Complaint, but did not attach it as an exhibit to support and amplify their amended claims. (Amended Complaint ¶¶ 1-64). The terms of PLAINTIFFS' employment are governed by Collective Bargaining Agreements ("CBA") between ACRE and MTA Metro-North Railroad ("METRO-NORTH"). (Amended Complaint ¶ 12). PLAINTIFFS do not allege that the 1993 Letter Agreement was incorporated into any CBA between ACRE and METRO-NORTH. The Amended Complaint does not allege a *breach* of a provision of the 1993 Letter Agreement, but alleges only a "change in the manner" METRO-NORTH employees receive wage increases and an "enhanced benefit" given to other ACRE members in the classes of 2004 and forward. (Amended Complaint ¶¶ 22, 24). The PLAINTIFFS could not have had any grievances because the PLAINTIFFS, and classes prior to PLAINTIFFS, received the benefit of the 1993 Letter Agreement. Not only did PLAINTIFFS receive all of their entitlements pursuant to the 1993 Letter Agreement, they also received accelerated step-rate wage increases as a result of ACRE'S resolution of PLAINTIFFS' dispute with METRO-NORTH. (Amended Complaint ¶ 49, 50).

Moreover, the instant action is not a seniority case, but a dispute involving wages where PLAINTIFFS seek "back pay." (Amended Complaint at ¶ 64). Consequently, the 1993 Letter Agreement and seniority are irrelevant to the PLAINTIFFS' claim to be given the benefit of the 2004 interpretation – permitting the class of 2004 and all prospective classes to retain their original date of hire as their anniversary date for determining wage increases under Rule 3 of the CBA. However, assuming *arguendo* that the 1993 Letter Agreement was relevant and governed PLAINTIFFS' employment, the Amended Complaint fails to allege a provision of the 1993 Letter Agreement which was breached to make PLAINTIFFS' duty of fair representation claim plausible. (Amended Complaint ¶¶ 1-64).

### B. ACRE processed the Plaintiffs' November 9, 2006 letter fairly and obtained accelerated pay increases for Plaintiffs

PLAINTIFFS fail to show that ACRE acted arbitrarily, discriminatorily, or in bad faith in processing the PLAINTIFFS' letter. Notwithstanding PLAINTIFFS' failure to file a proper Rule 22 claim pursuant to the CBA, ACRE acted in the absence of any duty and in the absence of any breach of the CBA, and reached a resolution with METRO-NORTH for the ten (10) individuals that signed PLAINTIFFS' letter. In November 2006, ACRE asked the METRO-NORTH payroll department to make wage adjustments for certain individuals. (Amended Complaint ¶ 35.) In December 2006, after discussing the PLAINTIFFS' demands with METRO-NORTH, ACRE informed Plaintiff John L. Cruise, Jr. that the General Committee had considered the PLAINTIFFS' letter and that METRO-NORTH was not willing to give them the relief demanded in their letter. (Amended Complaint ¶¶ 37, 39).

Assuming *arguendo* that PLAINTIFFS filed a "grievance," PLAINTIFFS were notified by letter from ACRE'S counsel dated May 1, 2007 to PLAINTIFFS' counsel, Ira S. Cure, Esq., that ACRE pursued and reached a resolution with METRO-NORTH to give

3

PLAINTIFFS accelerated pay increases. (Amended Complaint ¶¶ 49-50). By the time this action was filed on May 21, 2007, PLAINTIFFS' "grievance" was moot.

## POINT II

## PLAINTIFFS' CLAIMS MUST BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS

PLAINTIFFS allege they first learned that some locomotive engineers were treated differently than PLAINTIFFS in September and October 2006. (Amended Complaint ¶ 21). PLAINTIFFS had six (6) months to initiate this lawsuit from the time PLAINTIFFS knew of these allegations giving rise to their hybrid § 301 cause of action. See Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 171 (1983) (holding that an employee bringing a hybrid/duty of fair representation claim against the union and employer must file within the six (6) month statute of limitations).

### A. Plaintiffs' first cause of action was previously dismissed by Order of this Court

By Order of this Court dated January 9, 2008 granting Defendants' Joint Motion to Dismiss pursuant to Rule 12(b)(6), this Court held that the PLAINTIFFS' hybrid duty of fair representation claim against ACRE and METRO-NORTH was barred by the statute of limitations. (Lim Decl. Exhibit I, January 9, 2008 Order). The First Cause of Action in PLAINTIFFS' Amended Complaint is identical in substance to the hybrid claim dismissed by this Court on January 9, 2008. (Amended Complaint ¶¶ 52-58, Complaint ¶¶ 1-39). On or about March 7, 2008, ACRE and METRO-NORTH jointly demanded that PLAINTIFFS voluntarily withdraw the First Cause of Action in PLAINTIFFS' Amended Complaint, because it was previously dismissed by the Court's January 9, 2008 Order. This demand was made by letter from ACRE'S counsel dated March 7, 2008 to Ira S. Cure, Esq. (a copy of which was forwarded to PLAINTIFFS' new counsel, Louie Nikolaidis, Esq., by ACRE'S counsel via facsimile on

4

March 12, 2008). (Lim Decl., Exhibit J, March 7, 2008 Letter). ACRE never received a response to this letter. (Lim Decl. ¶ 7).

The law of the case doctrine provides that a Court's decision continues to govern the same issues in subsequent stages of the same case, promoting finality and efficiency of the judicial process and preventing relitigation of decided issues in a successive stage of a case. See MOORE'S FEDERAL PRACTICE AND PROCEDURE ¶ 30.30[1] (2008). "A party that is dissatisfied may obtain review of a lower court decision, either by appeal, by motion for judgment as a matter of law, [] by motion for a new trial" or by motion for reconsideration or reargument. See MOORE'S ¶ 30.32[3](a); Local Rules of the Eastern and Southern Districts of New York Rule 6.3. "Because these procedural devices for review are available, the law of the case doctrine prevents relitigation of a substantive decision by other, inappropriate procedural attacks." See MOORE'S ¶ 30.32[3](a). Therefore, this Court should grant judgment in favor of ACRE and dismiss the PLAINTIFFS' restated First Cause of Action as barred by the statute of limitations and the law of the case doctrine.

**B. Plaintiffs are not entitled to a defense of tolling the statute of limitations**

The six (6) month statute of limitations may be tolled where a plaintiff can show that the defendant fraudulently concealed the plaintiff's cause of action. See New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988). However, PLAINTIFFS' Opposition fails to establish a defense of fraudulent concealment to toll the applicable statute of limitations in this action. (Pls.' Opp. at p. 12-14). A plaintiff alleging fraudulent concealment must show that: (1) the defendant fraudulently concealed plaintiffs' cause of action; and (2) that there was no negligence or laches by plaintiff in discovering the facts that form the basis of his action. See Hendrickson Bros., Inc., 840 F.2d at 1083 (stating that the purpose of the fraudulent

5

concealment doctrine is to prevent a defendant from perpetrating a fraud "in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it," (quoting Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349 (1874))).

### i. Plaintiffs fail to show that ACRE concealed their cause of action

PLAINTIFFS cannot establish equitable arguments to toll the six (6) month statute of limitations in this action. Fraudulent concealment of a union's actions may toll the applicable statute of limitations until a plaintiff acquires knowledge of the facts that give rise to his cause of action, or should have acquired knowledge of the facts through reasonable diligence. See Demchik v. General Motors Corp., 821 F.2d 102, 105-06 (2d Cir. 1986) (tolling statute of limitations where union negligently failed to timely file notice of appeal and plaintiff was not informed of failure to file until two (2) years later). Cf. Schermerhorn v. James, 1997 U.S. Dist. LEXIS 17139 (S.D.N.Y. 1997) (denying tolling to plaintiffs who were aware of, and acted upon, the material facts that served as the basis of their claim by filing an appeal and a Department of Labor complaint). PLAINTIFFS acted upon their September/October 2006 acquisition of knowledge, which is evident by their allegation that they wrote a letter to Mr. Doyle in November 2006 demanding relief which they were not entitled to under the CBA. (Amended Complaint ¶ 26). Further, PLAINTIFFS filed a subsequent "appeal" based solely on the facts they learned in September 2006. (Amended Complaint ¶ 47). It is clear that PLAINTIFFS knew of all material facts underlying their claim in September 2006 and acted upon them during the several months following September 2006. (Amended Complaint ¶¶ 21, 24-26, 30, 37, 47).

For PLAINTIFFS to successfully assert tolling based on fraudulent concealment, they must demonstrate that they became aware of facts material to their claim at some time *after* September 2006 and that their late discovery was due to ACRE'S concealment. Although the

6

Amended Complaint alleges "surreptitious" actions by ACRE and METRO-NORTH, this disputed characterization is used only to describe actions alleged to have occurred *prior to* 2006. (Amended Complaint ¶¶ 22, 23, 62). The Amended Complaint makes no other allegations of fraud or concealment by ACRE. (Amended Complaint ¶¶ 1-64). Taking PLAINTIFFS' allegations as true and assuming ACRE'S actions in allegedly providing a benefit only to junior ACRE locomotive engineers was clandestine, PLAINTIFFS nevertheless learned of all material facts giving rise to their alleged cause of action in September 2006. See Buttry v. General Signal Corp., 68 F.3d 1488 at 1492 (2d Cir. 1995) ("Once a plaintiff learns of his union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiffs 'cannot be treated as a continuing violation that precludes the running of the limitations period.'" (quoting Flanigan v. Int'l Bhd. Of Teamsters, Local No. 671, 942 F.2d 824, 827 (2d Cir. 1991))).

The Amended Complaint fails to detail any new information or knowledge supporting their claim which was acquired by PLAINTIFFS after September 2006, and during the period up to the time of filing the instant action, and PLAINTIFFS "cannot show that they were 'induced . . . to refrain from timely commencing an action.'" Schermerhorn, 1997 U.S. Dist. LEXIS 17139 at [*6] (quoting Overall v. Estate of L.H.P. Klotz, 52 F.3d 398, 404 (2d Cir. 1995)).

### ii. Plaintiffs were not diligent in pursuing their claim

PLAINTIFFS are not entitled to equitable tolling because they never filed a claim pursuant to Rule 22 of the CBA, nor did they file a proper grievance. Rather, the PLAINTIFFS engaged in verbal discussions with ACRE "[t]hroughout the fall of 2006." (Amended Complaint ¶ 24). In *Cohen*, the Court stated that a "grieved employee cannot rely on a union's lack of response to informal correspondence to toll the statute of limitations when he has failed to

7

invoke the formal grievance procedures available to him under the collective bargaining agreement." Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 68 (2d Cir. 1995) (citing Legutko v. Local 816, Int'l Bhd. Of Teamsters, 853 F.2d 1046, 1055 (2d Cir. 1988) (holding that where plaintiff does not pursue formal grievance procedures, but rather "follows his own, informal approach," a union's non-responsiveness is not a basis for tolling the statute of limitations). Therefore, PLAINTIFFS may not maintain that they exercised due diligence in acquiring knowledge. Moreover, PLAINTIFFS were negligent in pursuing their claim by failing to follow the proper grievance procedures provided by the CBA. Consequently, PLAINTIFFS cannot maintain a plausible argument for Defendants' fraudulent concealment of their claims and the Amended Complaint should be dismissed as barred by the six (6) month statute of limitations provided by the N.L.R.A. § 10(b) and the law of the case doctrine.

## POINT III

### ACRE IS ENTITLED TO JUDGMENT BECAUSE PLAINTIFFS FAIL TO SHOW THAT ACRE BREACHED THE CONSTITUTION

ACRE is entitled to judgment on the pleadings because PLAINTIFFS fail to allege facts which would plausibly show a breach of the Constitution by ACRE. PLAINTIFFS make general allegations that ACRE breached the Constitution by "entering into [sic] surreptitious arrangement concerning the Class of 2004 and forward, and keeping the arrangement secret," but do not allege any facts that might support their claim. (Amended Complaint ¶¶ 62; Pls.' Opp. at p. 16). PLAINTIFFS argue that they are entitled to this information because they were "directly affect[ed]" members within the meaning of the Constitution because "they received lower wages." (Pls.' Opp. at p. 16). On the contrary, PLAINTIFFS earned the *exact same wages* they had received before the 2004 change, and

received yearly step-rate increases pursuant to Rule 3 of the CBA. (O'Hara Decl., Exhibit B, CBA, Rule 3, p. 3-4). Moreover, the 2004 change in policy was a new interpretation which is not incorporated into any CBA, (O'Hara Decl. Exhibit B, CBA), and no "contract [or] letter[] of understanding" existed within the meaning of the Constitution. (O'Hara Decl. Exhibit H, Constitution).

PLAINTIFFS' also allege that ACRE breached the Constitution by failing to inform PLAINTIFFS of the progress of their alleged "grievance." (Amended Complaint ¶ 63). However, PLAINTIFFS' multiple allegations of out of court statements made by various parties and non-parties demonstrate that the PLAINTIFFS were, in fact, kept apprised of the status of their alleged "grievance." (Amended Complaint ¶¶ 25, 35, 37, 39, 40). Therefore, PLAINTIFFS Third Cause of Action for breach of the Constitution must be dismissed and judgment granted in favor of ACRE.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Defendant ACRE'S motion papers, Defendants ACRE respectfully requests that their motion for an order for judgment on the pleadings and dismissing the Amended Complaint against them for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(c) be granted in its entirety, together with such other and further relief as the Court seems just and proper.

Dated: New York, New York
      July 11, 2008

                              Respectfully submitted,

                              HOLM & O'HARA LLP
                              *Attorneys for Defendants*
                              *Michael F. Doyle, sued herein as Michael J.*
                              *Doyle, as General Chairman, Local*
                              *Division 9, Locomotive Engineers, and*
                              *Association of Commuter Rail Employees*

                        By: /s/ Vincent F. O'Hara
                              Vincent F. O'Hara
                              Marion M. Lim
                              3 West 35th Street, 9th Floor
                              New York, New York 10001
                              (212) 682-2280

TO:    Louis D. Nikolaidis, Esq.
LEWIS, CLIFTON & NIKOLAIDIS, P.C.
*Attorneys for Plaintiffs*
*John L. Cruise, Jr., Brian Conrad,*
*Kenneth J. Dibble, Matthew A. Eirich,*
*Peter J. Krol, and Edgar Vellotti*
275 Seventh Avenue, Suite 2300
New York, NY 10001

Frank Rinaldi, Esq.
RICHARD K. BERNARD,
Vice President and General Counsel
*Attorneys for Defendant MTA METRO-NORTH*
347 Madison Avenue
New York, New York 10017
(212) 340-2027